**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: <br><br> **Compass Coffee, LLC,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 26-00005 (ELG) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING**
**TIME TO FILE SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of an order substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), extending the fourteen (14) day period to file its schedules of assets and liabilities and statement of financial affairs (together, the "***Schedules***") by an additional fourteen (14) days, through and including February 3, 2026.  In support thereof, the Debtor respectfully represents as follows:

**I.    Jurisdiction, Venue, and Predicates for Relief**

1.    The United States Bankruptcy Court for the District of Columbia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2.    The predicates for the relief requested herein are sections 105 and 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 1007-(d)(2) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1(d)(2) of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**").

## II.    Background

3. On January 6, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court initiating the above-captioned case (the "**Case**"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in this Case.

4. The Debtor owns and operates 25 cafés in premises it leases in Washington D.C., Maryland, and Northern Virginia. The Debtor filed this Case with the intention of selling substantially all of its assets or otherwise effectuating a value maximizing transaction. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Case is set forth in the *Declaration of Michael Haft in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "**M. Haft Declaration**") filed contemporaneously herewith, and incorporated herein by reference.

## III.    Relief Requested

5. By this Motion, the Debtor requests entry of an order extending the fourteen (14) day period to file its Schedules by an additional fourteen (14) days, through and including February 3, 2026, without prejudice to its right to request additional time should it be necessary.

## IV.    Basis for Relief

6. Section 521 of the Bankruptcy Code requires debtors to file, inter alia, "a schedule of assets and liabilities" and "a statement . . . of financial affairs." 11 U.S.C. § 521(a)(1)(B). Bankruptcy Rule 1007(c) provides that "in a voluntary case, the schedules, statements and other

documents required by subdivision (b)(1), (4), (5), and (6)," which include the Schedules, "shall be filed with the petition or within 14 days thereafter." Fed. R. Bankr. P. 1007(c).

7. However, Bankruptcy Rule 1007(c) provides that "[a]ny extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States Trustee, any committee . . . appointed under § 1102 of the Code, [and any] trustee, examiner, or other party as the court may direct." Moreover, section 105(a) of the Bankruptcy Code empowers the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

8. The Debtor has over $10 million in liabilities and more than 100 creditors. Given that the Debtor's management and professionals have been devoting substantially all their time to critical matters attendant to the preparation and filing of this Case, the Debtor anticipates that it will be unable to complete its Schedules in the fourteen (14) days provided under Bankruptcy Rule 1007(c).

9. To prepare the Schedules, the Debtor must review and compile information from its books and records and from other documents relating to, among other things, accounts payable and receivable, leases, employee wages and benefits, and vendor and supplier agreements. Collecting the necessary information to prepare the Schedules requires an enormous expenditure of time and effort from the Debtor, its employees, and its professionals.

10. While the Debtor, its employees, and its professionals are working diligently to prepare the Schedules, their resources are limited and strained. Moreover, they are facing competing demands to prepare the Schedules, stabilize the business operations during this critical postpetition period, and provide continued support to the Debtor's efforts to maximize the value of its estate through the bankruptcy process. Accordingly, the Debtor is unlikely to be able to

properly and accurately complete the Schedules within the statutory fourteen (14) day period and anticipates that it will require at least fourteen (14) additional days to complete the Schedules.

11. It is within the Court's equitable powers under section 105 of the Bankruptcy Code to extend the deadline to file the Schedules as requested herein. The Debtor respectfully submits that the relief requested herein is appropriate in light of the voluminous amount of information that management and professionals must review and compile in order to complete the Schedules and the number of hours required to complete the task.

12. Moreover, the importance of preparing and filing accurate Schedules outweighs any perceived prejudice to parties in granting the extension. Indeed, even with the extension, the Debtor anticipates filing the Schedules within the timeframe for the Office of the United States Trustee (the "*U.S. Trustee*") to conduct the Section 341 meeting of creditors.

13. Accordingly, the Debtor requests that the Court extend the fourteen (14) day period for an additional fourteen (14) days, without prejudice to its right to request further extensions. The relief requested herein will not prejudice any party in interest. The Debtor intends to cooperate with the U.S. Trustee, creditors, and all other parties in interest to provide access to relevant information regarding the Debtor's businesses and financial affairs.

## V. Notice

14. The Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) all known secured creditors of the Debtor; (iii) those creditors holding the 20 largest unsecured claims against the Debtor; and (iv) those parties who receive NextGen CM/ECF notifications.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: January 6, 2026
Richmond, Virginia

Respectfully submitted,

/s/ *Jennifer E. Wuebker*

Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:   (804) 788-8200
Facsimile:    (804) 788-8218
Email:         tpbrown@hunton.com
                  jwuebker@hunton.com
                  nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*