**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY CERTAIN PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, EXPENSES, AND OTHER COMPENSATION, AND (B) PAY OR OTHERWISE HONOR SUCH POSTPETITION OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS; AND (II) DIRECTING FINANCIAL INSTITUTIONS TO HONOR RELATED <u>CHECKS AND TRANSFERS</u>**

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Pay Certain Prepetition Wages, Salaries, Employee Benefits, Expenses, and Other Compensation, and (B) Pay or Otherwise Honor Such Postpetition*

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

*Obligations in the Ordinary Course of Business; and (II) Directing Financial Institutions to Honor Related Checks and Transfers* [Docket No. __] (the "**Motion**")[1] filed by the above-captioned debtor and debtor in possession (the "**Debtor**") pursuant to sections 105(a), 363(b), 507(a)(4), and 507(a)(5) of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this "**Interim Order**"), authorizing, but not directing, the Debtor to pay the prepetition wages, salaries and benefits, expenses, and other compensation to its workforce, (ii) authorizing, but not directing, the pay or otherwise honor such postpetition obligations in the ordinary course of business, and (iii) directing applicable financial institutions to honor and process related checks and transfers; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on January 7, 2026 (the "**Hearing**"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearing and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED on an interim basis.

2. The Debtor is authorized, but not required, to pay or cause to be paid, in its sole discretion, all amounts related to prepetition Employee Obligations, *provided that*, pending consideration of the Motion on a final basis, the Debtor may not pay to or on behalf of any individual employee prepetition compensation in excess of the amounts set forth in section 507(a)(4)-(5) of the Bankruptcy Code (as adjusted for inflation).

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

3. The Debtor is authorized, but not required, to continue to pay and honor its post-petition Employee Obligations, as those Employee Obligations were in effect as of the Petition Date and as such Employee Obligations may be modified, terminated, amended or supplemented from time to time in the ordinary course of the Debtor's business.

4. Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's, or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

5. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests or automatic clearing house transfers evidencing amounts paid by the Debtor under this Interim Order whether presented prior to or after the Petition Date to the extent the Debtor has good funds standing to its credit with such bank or other financial institutions. Such banks and financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Interim Order without any duty of further inquiry and without liability for following the Debtor's instructions.

6. The final hearing on the Motion is scheduled for _____, 2026, at _:__ (prevailing Eastern Time) before this Court (the "*Final Hearing*"). This Interim Order shall

constitute good and sufficient notice of the Final Hearing such that no other or further notice need be given.

7. Any objection to the relief requested in the Motion on a final basis must, by 4:00 p.m. (prevailing Eastern Time) on _____, 2026 (the "*Objection Deadline*"), be: (a) filed with the Court, and (b) actually received by (i) the Office of the U.S. Trustee; (ii) proposed counsel to the Debtor, Hunton Andrews Kurth LLP, Attn: Tyler P. Brown, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, email: tpbrown@hunton.com and (iii) counsel for any official committee of unsecured creditors, if then appointed in this Case.

8. A reply to an Objection may be field with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two (2) business days before the Final Hearing.

9. This Interim Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

10. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

12. The Debtor is directed to serve a copy this Interim Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Interim Order.

WE ASK FOR THIS:

/s/
———————————————
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@hunton.com
jwuebker@hunton.com
nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*