**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Chapter 11 |
| **Compass Coffee, LLC,** | Case No. 26-00005 (ELG) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING THE DEBTOR TO MAINTAIN ITS EXITSTING INSURANCE**
**POLICIES AND HONOR ALL OBLIGATIONS IN RESPECT THEREOF, AND**
**(II) DIRECTING FINANCIAL INSTITUTIONS TO HONOR**
**AND PROCESS RELATED CHECKS AND TRANSFERS**

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of interim and final orders, substantially in the form attached hereto as <u>Exhibit A</u> (the "***Proposed Order***"), (i) authorizing the Debtor to maintain, continue, and renew, in its sole discretion, the Insurance Policies and pay related Insurance Obligations (each as defined below), and (ii) directing financial institutions to receive, process, honor and pay checks or wire transfers used by the Debtor to pay the foregoing. In support thereof, the Debtor respectfully represents as follows:

**I.     Jurisdiction, Venue, and Predicates for Relief**

1.     The United States Bankruptcy Court for the District of Columbia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2. The predicates for the relief requested herein are sections 105(a), 363(b)(1), and 363(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**").

## II.   Background

3. On January 6, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court initiating the above-captioned case (the "**Case**"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in this Case.

4. The Debtor owns and operates 25 cafés in premises it leases in Washington D.C., Maryland, and Northern Virginia. The Debtor filed this Case with the intention of selling substantially all of its assets or otherwise effectuating a value maximizing transaction. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Case is set forth in the *Declaration of Michael Haft in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "**M. Haft Declaration**") filed contemporaneously herewith, and incorporated herein by reference. Additional facts in support of the relief requested herein are set forth below.

### A.   Insurance Policies and Premiums

5. The Debtor, in the ordinary course of business, maintains four (4) insurance policies (collectively, the "**Insurance Policies**") through three (3) third-party insurance carriers (collectively, the "**Insurance Carriers**"). The Insurance Policies provide comprehensive coverage

for risk of loss related to the Debtor's operations. A schedule of the Insurance Policies is set forth below (the "***Policy List***"):

| Insurance Carrier | Insurance Type | Policy Number | Term |
| --- | --- | --- | --- |
| Zurich American Insurance Company | Commercial Umbrella | AUC 6835101-07 | 9/25/25-9/25/26 |
| Zurich American Insurance Company | Umbrella | CPO 6995637-07 | 9/25/25-9/25/26 |
| Technology Insurance Company, Inc. | Workers Compensation | TWC4687640 | 9/25/25-9/25/26 |
| Federal Insurance Company | Employee Liability | 8264-8461 | 9/25/25-9/25/26 |

6.    The Debtor, in the ordinary course of business, incurs obligations to pay premiums (collectively, the "***Insurance Premiums***") for the Insurance Policies based upon a fixed rate established and billed by its Insurance Carriers. The Debtor pays an aggregate of approximately $164,173 in Insurance Premiums annually. Insurance Premiums for all but the Debtor's employee liability policy are paid in 12 equal monthly installments (the "***Installment Payments***") directly to the Insurance Carriers. The Insurance Premium for the Debtor's employee liability policy is also paid in 12 equal monthly installments, but such payments are made through the Debtor's insurance broker, With Coverage Inc. ("***With Coverage***").

7.    Finally, the Debtor incurs various fees, taxes, brokerage fees, and deductibles related to its Insurance Policies (together with the Insurance Premiums, collectively, the "***Insurance Obligations***"). As of the Petition Date, the Debtor estimates that no amounts are owed on account of the prepetition Insurance Obligations related to its Insurance Policies (other than with respect to prepetition portion of any upcoming Installment Payment).

### III.    Relief Requested

8.    By this Motion, the Debtor requests entry of interim and final orders (i) authorizing the Debtor to maintain, continue, and renew, in its sole discretion, its Insurance Policies and pay

related Insurance Obligations, and (ii) authorizing financial institutions to receive, process, honor and pay checks or wire transfers used by the Debtor to pay the foregoing.

### IV.  Basis for Relief

**A.  Maintaining the Insurance Policies is Required by Law, the Bankruptcy Code, and the U.S. Trustee Guidelines**

9.  Under section 1112(b)(4)(C) of the Bankruptcy Code, a "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4)(C). Further, in many instances, the coverage provided under the Insurance Policies may be required by regulations or laws that govern the Debtor's commercial activities, as well as the U.S. Trustee Guidelines. Given this backdrop, the Debtor believes it is essential to its estate, and consistent with the Bankruptcy Code and the U.S. Trustee Guidelines, that it maintain its Insurance Policies and continue to pay its Insurance Obligations, including paying any prepetition portion of an Installment Payment for Insurance Premiums, and have the authority to supplement, amend, extend, renew, or replace its Insurance Policies as needed, in its business judgment, without further order of the Court.

10.  Moreover, pursuant to the terms of many of its leases and financing agreements, the Debtor is obligated to remain current with respect to certain of its Insurance Policies. Thus, in order for the Debtor to maintain its ongoing business operations in compliance with various legal and contractual obligations, the Debtor must continue its Insurance Programs without disruption.

**B.     Maintenance of the Insurance Policies and Payment of the Insurance Obligations Is Justified and Should be Authorized**

11.     Section 363(c)(1) of the Bankruptcy Code provides that a chapter 11 debtor in possession "may enter into transactions . . . [or] may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The Bankruptcy Code does not define "ordinary course of business." *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992). The Debtor's maintenance of the Insurance Policies on a postpetition basis is consistent with its prepetition practices. Indeed, maintaining insurance policies and payments for such policies is standard practice in most industries.

12.     The Debtor believes it is permitted to continue to maintain the Insurance Policies, pay the Insurance Obligations, and renew or obtain new insurance policies because such actions are in the ordinary course of the Debtor's businesses.

13.     Alternatively, to the extent that the Debtor's maintenance of the Insurance Policies and payment of the Insurance Obligations is outside of the ordinary course of business, section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *see In re Lionel Corp.*, 722 F.2d 1063, 1072 (2d Cir. 1983) ("The rule we adopt requires a judge determining a § 363(b) application expressly find from evidence presented before him at the hearing a good business reason to grant such application.")). To the extent any such practices fall outside of the ordinary course of business, the Court should authorize the Debtor to maintain, renew, or enter into new Insurance Policies on a postpetition basis, as such relief is in the Debtor's sound business judgment and in the best interest of its estate.

14.     Any interruption in insurance coverage would also expose the Debtor to a substantial risk, including: (a) the possible incurrence of direct liability for the payment of claims

that otherwise would have been covered by insurance; (b) the possible incurrence of material costs and other losses that otherwise would have been reimbursed, such as attorneys' fees for certain covered claims; (c) the possible inability to obtain similar types and levels of insurance coverage on terms equally favorable as the present coverage; and (d) the possible incurrence of higher costs for re-establishing lapsed Insurance Policies or obtaining new insurance coverage. In short, maintaining the Insurance Policies is in the best interests of the Debtor's business and its estates.

      C.      **Applicable Financial Institutions Should be Authorized to Honor and Process Related Checks and Transfers**

15. The Debtor pays the Installment Payments and other Insurance Obligations out of the bank account ending –4905 at EagleBank. The Debtor requests that all applicable banks and other financial institutions be authorized and directed to (i) receive, process, honor and pay all checks or electronic payment requests made by the Debtor related to the amounts that the Debtor requests authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date and (ii) rely on the Debtor's designation of any particular check as approved by the interim and final orders, provided that funds are available in the Debtor's accounts to cover the checks and fund transfers.

      V.      **Request for Waiver of Stay and Necessity for Immediate Relief**

16. To implement the foregoing successfully, the Debtor requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

17. Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before

the filing of the petition . . . . " If the Debtor is not permitted to continue its ordinary business operations by continuing to pay Insurance Obligations, immediate and irreparable harm will result. Accordingly, the relief requested herein is consistent with Bankruptcy Rule 6003.

## VI. Notice

18. The Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) all known secured creditors of the Debtor; (iii) those creditors holding the 20 largest unsecured claims against the Debtor; (iv) the Insurance Carriers; (v) With Coverage; and (vi) those parties who receive NextGen CM/ECF notifications.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: January 6, 2026
Richmond, Virginia

Respectfully submitted,

/s/ *Jennifer E. Wuebker*
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:        tpbrown@hunton.com
              jwuebker@hunton.com
              nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*