**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**DEBTOR'S MOTION TO REJECT CERTAIN
UNEXPIRED NON-RESIDENTIAL LEASES**

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), authorizing the Debtor to reject certain non-residential real property leases (the "***Leases***") set forth on Exhibit B (as may be supplemented and amended, the "***Lease List***"), effective as of January 30, 2026 (the "***Rejection Date***"). In support thereof, the Debtor respectfully represents as follows:

### I.      **Jurisdiction, Venue, and Predicates for Relief**

1. The United States Bankruptcy Court for the District of Columbia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2. The predicates for the relief requested herein are sections 105 and 365(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 6006 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and rule 6006-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**").

## II. Background

### A. The Chapter 11 Case

3. On January 6, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court initiating the above-captioned case (the "**Case**"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in this Case.

4. The Debtor owns and operates 25 cafés in premises it leases in Washington D.C., Maryland, and Northern Virginia. The Debtor filed this Case with the intention of selling substantially all of its assets or otherwise effectuating a value maximizing transaction. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Case is set forth in the *Declaration of Michael Haft in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "**M. Haft Declaration**") filed contemporaneously herewith, and incorporated herein by reference. Additional facts in support of the relief requested herein are set forth below.

### B. The Leases and Contracts

5. The Debtor leases the premises for each of its 25 cafés from unaffiliated landlords (each a "**Landlord**"). Certain of the Leases have become unprofitable due to decreased customer traffic, in part as a result of the financial headwinds the Debtor faced leading to the filing of this Case, as more fully described in the M. Haft Declaration. The Debtor has conducted a thorough analysis and identified the cafés related to the Leases listed on the Lease List as those that are likely to continue to drive losses for the Debtor, and as a result, should be rejected.

6. Included among the Leases on the Lease List is the Debtor's former headquarters and roastery located at 1401 Okie Street NE, Washington D.C. 20002 ("***Okie Street***"). Prior to January 1, 2026, the Debtor vacated Okie Street, relocating employees previously based there to surplus space at its café located at 1535 7th Street, Washington D.C. 20001. As of the Petition Date, the only property of the Debtor left at Okie Street is its roasting equipment, which is an asset the Debtor's strategic buyer is considering purchasing. Given that the Debtor no longer operates out of Okie Street and no longer intends to continue roasting its own coffee beans in the Okie Street premises, the Debtor has determined that the Lease for it should be rejected effective as of the date the roasting equipment is removed and the premises are surrendered to the landlord unless the buyer reaches alternative arrangements with the Okie Street landlord. Rejecting this burdensome Lease, as well as the Leases for the unprofitable locations identified in the Lease List, will preserve the value of the Debtor's estate.

### III.   Relief Requested

7. By this Motion, the Debtor requests entry of an Order authorizing the Debtor to reject the Leases set forth on Lease List, effective as of the Rejection Date.

### IV.   Basis for Relief

8. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "An unexpired lease is fundamentally an asset coupled with a liability: to obtain the benefit, the trustee or debtor in possession must perform all the obligations. Where the burden outweighs the benefit, the trustee or debtor in possession is allowed to reject the lease so as not to saddle the bankruptcy estate with an unwarranted expense." *In re US Airways Group, Inc.*, 287 B.R. 643, 645 (Bankr. E.D. Va. 2002). A debtor may reject an executory contract or lease

"if it is advantageous to the debtor to do so." *In re Byung Mook Cho*, 581 B.R. 452, 456 (Bankr. D. Md. 2018).

9. A debtor's rejection of an executory contract or unexpired lease is governed by the "business judgment standard." *See In re United Press International, Inc.*, 55 B.R. 63, 65 (Bankr. D. D.C. 1985); *In re Circuit City Stores, Inc.*, 2010 Bankr. LEXIS 1713 at *11-12 (Bankr. E.D. Va. June 9, 2010); *In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989). "The rule posits a powerful presumption in favor of actions taken by the directors [and officers] in that a decision made by a loyal and informed board [and the corporation's officers] will not be overturned by the courts unless it cannot be 'attributed to any rational business purpose.'" *In re Greater Southeast Cmt. Hosp. Corp.*, 353 B.R. 324, n.26 (Bankr. D.D.C. 2006) (quoting *Cede & Co. v. Technicolor, Inc.,* 634 A.2d 345, 361 (Del. 1993)). Therefore, the determination should be "accorded the deference mandated by the sound business judgment rule as generally applied by courts to discretionary actions or decisions of corporate directors." *In re Alpha Natural Res., Inc.*, 555 B.R. 520, 530 (Bankr. E.D. Va. 2016) (citing *Lubrizol Enters. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985)).

10. The Debtor has determined, in its sound business judgment, and following a thorough analysis, that rejecting each of the Leases listed on the Lease List is in the best interest of its estate because they are unprofitable and provide no benefit to the estate. Additionally, the Debtor has determined, in its reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Leases. As a result, the Debtor has determined that the cost to the Debtor of continuing to occupy these leased premises will only result in

burdensome, unnecessary administrative expense. Accordingly, the Debtor submits that rejection of the Leases is in the best interest of the Debtor's estate, creditors, and other parties in interest.

## V. Notice

11. The Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) all known secured creditors of the Debtor; (iii) those creditors holding the 20 largest unsecured claims against the Debtor; (iv) the Landlords; and (v) those parties who receive NextGen CM/ECF notifications.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: January 6, 2026
Richmond, Virginia

Respectfully submitted,

/s/ *Jennifer E. Wuebker*

Tyler P. Brown (*pro hac vice* forthcoming)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (*pro hac vice* forthcoming)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:    tpbrown@hunton.com
        jwuebker@hunton.com
        nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*