The order below is hereby signed.

Signed: January 8 2026

*Elizabeth L. Gunn*
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | **Case No. 26-00005 (ELG)** |
| Debtor. | |

### INTERIM ORDER (I) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF PAYMENT; (II) APPROVING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders: (I) Deeming Utility Companies Adequately Assured of Payment; (II) Approving Procedures for Resolving Requests by Utility Companies for Additional Assurances; and (III) Prohibiting Utility*

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

*Companies from Altering, Refusing, or Discontinuing Services* [Docket No. 9] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to sections 105, 363, 365 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this "***Interim Order***"), (i) deeming Utility Companies adequately assured of payment, (ii) approving procedures for resolving requests by Utility Companies for additional assurances, and (iii) prohibiting Utility Companies from altering, refusing, or discontinuing services; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on January 7, 2026 (the "***Hearing***"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearing and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

 1. The Motion is GRANTED on an interim basis.

 2. The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for utility services (collectively, the "***Utility Services***") rendered by utilities (as that term is used in section 366 of the Bankruptcy Code, the "***Utility Companies***") to the Debtor after the Petition Date.

 3. The Utility Companies, whether under direct relationship with the Debtor or through the Debtor's landlords or service agencies, including but not limited to the Utility Companies identified on Exhibit B to the Motion, as may be supplemented by the Debtor from

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

time to time by the filing of a notice with the Court (a "Supplemental Notice" and, together with Exhibit B to the Motion, as may be so supplemented from time to time, the "Utilities List"), are prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor, or requiring additional adequate assurance of payment, except in compliance with the following procedures (the "Adequate Assurance Procedures"):

a. The Debtor will e-mail, serve by overnight mail or otherwise expeditiously send a copy of the Interim Order, which contains the proposed Adequate Assurance Procedures, to each Utility Company listed on Exhibit B to the Motion within three (3) business days after entry of the Interim Order by the Court.

b. Any Utility Company desiring additional adequate assurance in the form of a deposit, prepayment, mechanic's lien, or other from must send to (i) the Debtor, Compass Coffee, LLC, 1535 7th Street NW, Washington D.C. 20001, Attn: Michael Haft, email: michael@compass.com, and (ii) proposed counsel to the Debtors, Hunton Andrews Kurth LLP, 951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown, email: tpbrown@hunton.com (together, the "*Request Parties*") a written request (an "*Additional Assurance Request*") that names the Utility Company and sets forth (i) the amount and form of additional adequate assurance payment requested, (ii) the locations for which the Utility Services are provided and the relevant account numbers, (iii) the Debtor's payment history for the most recent 12 months, (iv) a description of any prior material payment delinquency or irregularity, and (v) an explanation of why the Utility Company believes it is not adequately assured of payment. Any Additional Assurance Request must be sent so that it is received on or before 4:00 p.m. (prevailing Eastern Time) on the date that is 21 days after entry of the final order granting the relief sought by this Motion (the "*Adequate Assurance Deposit Request Deadline*").

c. If any Additional Assurance Requests are timely submitted, the Debtor shall have 21 days from the Adequate Assurance Deposit Request Deadline (the "*Resolution Period*") to negotiate with any such Utility Company to resolve such Utility Company's request for additional assurance of payment.

d. The Debtor may, in its discretion, resolve and settle any Additional Assurance Request by mutual agreement with the Utility Company and without further order of the Court.

e. For any Utility Company that timely submits an Additional Assurance Request for which the Debtor is not able to reach a consensual resolution during the Resolution Period, the Debtor will file a motion, during or immediately after the Resolution Period (which may address the Additional Assurance Requests of multiple Utility Companies) and request a hearing to determine the adequacy of assurance of

3

payment with respect to such Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3) of the Bankruptcy Code.

    f. Pending resolution of a Utility Company's Additional Assurance Request by the Court, such Utility Company shall be prohibited from discontinuing, altering or refusing service to the Debtor.

    g. Any Utility Company that does not timely submit an Additional Assurance Request shall be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code, shall have waived any and all rights to seek additional or different adequate assurance during the course of this Case and shall be prohibited from discontinuing, altering or refusing to provide Utility Services, including on account of unpaid charges for prepetition Utility Services, during the pendency of these proceedings.

4. This Interim Order shall be binding on all Utility Companies, regardless of whether or when a Utility Company was included on the Utilities List or added by Supplemental Notice; provided, however, that the Adequate Assurance Deposit Request Deadline shall be extended for any Utility Company first listed in a Supplemental Notice to the date that is 21 days from the date that such Supplemental Notice is filed, and the Resolution Period with respect to such Additional Assurance Request will be 21 days after receipt of such Additional Assurance Request.

5. Each Utility Company shall be deemed to have adequate assurance of payment unless and until (a) the Debtor, in its sole discretion, agrees to an Additional Assurance Request or (b) this Court enters an order requiring that additional adequate assurance of payment be provided.

6. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utilities List.

7. The Debtors shall serve a copy of this Interim Order upon each of the Utility Companies identified on Exhibit B to the Motion by e-mail or (where the Debtors do not have the e-mail address for a Utility Company) by first-class mail.

4

8. The final hearing on the Motion is scheduled for January 29, 2026, at 10:00 a.m. (prevailing Eastern Time) before this Court (the "*Final Hearing*"). This Interim Order shall constitute good and sufficient notice of the Final Hearing such that no other or further notice need be given.

9. Any objection to the relief requested in the Motion on a final basis must, by 4:00 p.m. (prevailing Eastern Time) on January 22, 2026 (the "*Objection Deadline*"), be: (a) filed with the Court, and (b) actually received by (i) the Office of the U.S. Trustee; (ii) proposed counsel to the Debtor, Hunton Andrews Kurth LLP, Attn: Tyler P. Brown, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, email: tpbrown@hunton.com and (iii) counsel for any official committee of unsecured creditors, if then appointed in this Case.

10. A reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two (2) business days before the Final Hearing.

11. This Interim Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

12. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

13. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

14. The Debtor is directed to serve a copy this Interim Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Interim Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/ *Jennifer E. Wuebker*
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:    tpbrown@hunton.com
    jwuebker@hunton.com
    nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*