**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**Compass Coffee, LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), establishing procedures for monthly and interim compensation and reimbursement of expenses of professionals retained by the Debtor and any statutory committee appointed in this bankruptcy case (collectively, the "***Retained Professionals***"). In support thereof, the Debtor respectfully represents as follows:

## I. Jurisdiction, Venue, and Predicates for Relief

1. The United States Bankruptcy Court for the District of Columbia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2. The predicates for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

## II. Background

3. On January 6, 2026 (the "***Petition Date***"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court initiating the above-captioned case (the "***Case***"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code. As of the date hereof, no trustee, examiner, or statutory committee of creditors has been appointed in this Case.

4. The Debtor owns and operates 25 cafés in premises it leases in Washington D.C., Maryland, and Northern Virginia. The Debtor filed this Case with the intention of selling substantially all of its assets or otherwise effectuating a value maximizing transaction. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this Case is set forth in the *Declaration of Michael Haft in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 16] (the "***M. Haft Declaration***"), and incorporated herein by reference.

## III. Relief Requested

5. By this Motion, the Debtor seeks entry of an order establishing the Compensation Procedures (defined below). The requested Compensation Procedures are based on the Procedures for Complex Chapter 11 Cases in the District of Columbia, Section XVI (Professional Compensation and Reimbursement of Expenses) ("***Section XVI***").

6. Contemporaneously herewith, the Debtor filed an application to retain Hunton Andrews Kurth LLP as its bankruptcy counsel. The Debtor also may determine that it is in the

best of interest of the estate to retain additional Retained Professionals to represent it in this Case (subject to approval of such retention by this Court). Additionally, any statutory committee of creditors appointed in this Case also will seek to have Retained Professionals represent it in this Case.

7. The Debtor believes that the implementation of the Compensation Procedures will provide a streamlined and otherwise efficient method for compensating Retained Professionals, and such procedures will allow the Court and parties in interest to monitor fees sought by and paid to such Retained Professionals.

8. Accordingly, except as otherwise provided by order of the Court, the Debtor proposes that payment of compensation and reimbursement of expenses of the Retained Professionals in this Case be structured as follows (the "***Compensation Procedures***"):

a. **Service of Monthly Statement**. After the end of a month for which compensation is sought, each Retained Professional seeking compensation may file and serve a monthly statement (the "***Monthly Statement***") on (1) the Debtor's attorney, (2) the United States Trustee, (3) any pre-petition secured lender, (4) any post-petition secured lender, (5) the attorney for any committee appointed under the Bankruptcy Code, (6) any fee examiner appointed in the case, and (7) any other party the Court designates (collectively, the "***Professional Fee Notice Parties***").

b. **Contents**. The Monthly Statement shall contain a list of individuals who provided the services during the statement period, their job titles, their billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour without lumping or block billing, and a reasonably detailed breakdown of expenses incurred. The Monthly Statement shall include a notice that any objections shall be filed within fourteen (14) days of service of the Monthly Statement. After the expiration of the fourteen (14) day period, the Debtor shall be authorized to pay 80 percent of the undisputed fees and 100 percent of the undisputed expenses identified in the Monthly Statement.

c. **Filing of Summary**. If a Monthly Statement is served, a summary of the total fees and expenses requested shall be filed.

d. **<u>Objections</u>**. Any objection to a Monthly Statement shall be served on the affected Retained Professional and the other Professional Fee Notice Parties. The objection shall state the nature of the objection and the amount of fees or expenses at issue. After expiration of the fourteen (14) day objection period, the Debtor shall be authorized to pay the fees and expenses identified in the Monthly Statement that are not subject to the objection.

e. **<u>Resolutions</u>**. If any objecting party resolves a dispute with a Retained Professional, the objecting party or the Debtor with the consent of the objecting party, shall serve a notice on the Professional Fee Notice Parties that the objection is withdrawn. The notice shall describe the terms of the resolution. The Debtor shall be authorized to pay the portion of the fees and expenses identified in the Monthly Statement that is no longer subject to an objection.

f. **<u>Preservation of Objections</u>**. Any objection that is not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing.

g. **<u>No Waiver</u>**. Whether a party objects to a Monthly Statement or not, any party may object to any fee application filed with the Court in accordance with the Bankruptcy Code. The failure to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any subsequently filed fee application.

h. **<u>Applications</u>**. Each Retained Professional shall file an application for interim or final approval of allowance of compensation and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy Code, including compensation previously paid by the Debtor on the basis of a Monthly Statement, every one hundred and twenty (120) days, unless the Court orders a different frequency. Unless the Court orders otherwise, the first fee application may be filed no earlier than one hundred and twenty (120) days from the petition date.

i. **<u>Court Approval</u>**. Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses shall have any effect on the Court's interim or final allowance of compensation or reimbursement of expenses. All fees and expenses, whether or not paid or objected to in connection with a Monthly Statement, remain subject to review and approval by the Court in connection with interim and final fee applications. All fees and expenses are subject to disgorgement or offset if not approved by the Court on a final basis.

j. **<u>Committee Members</u>**. These procedures may be used for reimbursement of expenses for members of a committee appointed under the Bankruptcy

> Code. The attorney for the committee shall collect and submit statements of expenses, with supporting vouchers, from the committee members.

## IV. **Basis for Relief**

9. The Bankruptcy Code authorizes compensating the Retained Professionals and establishing the Compensation Procedures. Section 330(a)(1) of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered . . . and, (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

10. With respect to the Court's review of any such application, section 330(a)(3) of the Bankruptcy Code provides as follows:

> [T]he court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

11. In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis. Under section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Specifically, section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Retained Professionals rendering services in this Case to three times per year.

12. Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts may use their discretionary authority under Bankruptcy Code section 105(a) because, while Bankruptcy Code section 331 "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

13. The Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services in this Case and are not forced to bear undue financial burden or risk caused by delays in payment. *See id*. at 727–28 ("[I]t is likely that the professionals appointed under section 327 are investing huge quantities of time, and therefore receiving payment only once every four months may impose an intolerable burden on them . . . .") (internal quotations omitted). Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome on the Debtor, the Retained Professionals, the Court, and other parties in interest.

14. The Compensation Procedures are based on this Court's Complex Case Procedures. Specifically, Section XVI sets forth procedures that enable debtors to "streamline the professional compensation process and more effectively enable the Court and all parties to monitor the professional fees incurred." Although this Case is not designated as a complex chapter 11 case, the Debtor and other parties in interest would benefit from the procedures provided under Section XVI because they will facilitate efficient review and effective monitoring of the Retained Professionals' fees and expenses incurred in this Case. The Compensation Procedures will further enable the Debtor to closely monitor the costs of administering this Case, maintain appropriate cash flow, and implement efficient cash management procedures. This, in turn, will minimize unnecessary administrative expenses.

15. Moreover, courts in other jurisdictions have approved relief similar to the relief requested herein. *See, e.g., In re Enviva Inc.*, Case No. 24-10453 (BFK) [Docket No. 317] (Bankr. E.D. Va. Apr. 12, 2024); *In re Nordic Aviation Cap. Designated Activity Co.*, Case No. 21-33693 (KRH) [Docket No. 295] (Bankr. E.D. Va. Feb. 3, 2022); *In re Ascena Retail Group, Inc.*, Case No. 20-33113 (KRH) [Docket No. 550] (Bankr. E.D Va. Sept. 8, 2020); *In re Intelsat S.A.*, Case

No. 20-32299 (KLP) [Docket No. 425] (Bankr. E.D. Va. June 30, 2020); *In re Chinos Holdings, Inc.*, Case No. 20-32181 (KLP) [Docket No. 389] (Bankr. E.D. Va. May, 28 2020); *In re Pier 1 Imports Inc.*, Case No. 20-30805 (KRH) [Docket No. 980] (Bankr. E.D. Va. March 17, 2020).

16. Based upon the foregoing, the Debtor believes that the relief requested herein is necessary, appropriate, and in the best interest of the Debtor's estate, creditors, and all parties in interest, and therefore should be approved.

## V. Notice

17. The Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) all known secured creditors of the Debtor; (iii) those creditors holding the 20 largest unsecured claims against the Debtor; and (iv) those parties who receive NextGen CM/ECF notifications.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: January 14, 2026
Richmond, Virginia

Respectfully submitted,

/s/ *Nicholas S. Monico*

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@hunton.com
jwuebker@hunton.com
nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*