**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

### NOTICE OF PROPOSED SALE OF ASSETS, AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE** that on January 14, 2026, Compass Coffee, LLC, the above-captioned debtor and debtor in possession (the "**Debtor**") filed with the Court the *Debtor's Motion for (A) Entry of an Order (I) Approving Bidding Procedures, (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (III) Approving Stalking Horse Protections, (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date, and (V) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtor to Sell Its Assets, and (II) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 76] (the "**Sale Motion**").[1]

**PLEASE TAKE FURTHER NOTICE** that:

1. After the Bidding Procedures Hearing held on January 21, 2026, the Court entered an order [Docket No. 90] (the "**Bidding Procedures Order**"), which, among other things, establishes bidding procedures (the "**Bidding Procedures**") that govern the manner in which the Assets of the Debtor are to be marketed and sold. A copy of the Bidding Procedures approved by the Court pursuant to the Bidding Procedures Order is attached hereto as <u>Exhibit 1</u>.

2. Any party wishing to participate in the Auction or to otherwise submit a Bid for the Assets being sold must first qualify as a Qualified Bidder pursuant to the Bidding Procedures.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion or the Bidding Procedures Order, as applicable.

3. Bids are due on **February 12, 2026 at 4:00 p.m. ET** (the "*Bid Deadline*"). The Debtor will notify each Qualified Bidder no later than February 16, 2025 whether their respective Bid is determined to be a Qualified Bid such that they are permitted to participate in any Auction.

4. In accordance with the terms of the Bidding Procedures Order, if the Debtor receives one or more Qualified Bids within the requirements and timeframe established in the Bidding Procedures Order, the Debtor will conduct an auction for the Assets (the "*Auction*") starting at **10:00 a.m. ET on February 17, 2026** (the "*Auction Date*"), at such place to be designated in advance by the Debtor with notice to the Qualified Bidders, the Consultation Parties, and certain other parties in interest. Only the Consultation Parties and Qualified Bidders, as determined by the Debtor, in consultation with the Consultation Parties, will be permitted to participate in and/or make any statements on the record at the Auction.

5. No later than 4:00 pm ET on February 18, 2026, the Debtor shall file a notice with the Bankruptcy Court identifying the Successful Bidder and the Back-Up Bidder.

6. In the event the Debtor, in consultation with the Consultation Parties, selects a Successful Bidder to purchase the Purchased Assets, a hearing (the "*Sale Hearing*") shall be held before the Honorable Judge Elizabeth L. Gunn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Columbia, on **February 26, 2026 at 11:00 a.m. ET**, or as soon thereafter as counsel may be heard. The Debtor shall appear before the Court at the Sale Hearing and seek entry of an order: (a) authorizing the Sale(s) of the designated Purchased Assets by the Debtor to the Stalking Horse Purchaser or other Successful Bidder; (b) authorizing the assumption and assignment of the Assigned Contracts; and (c) granting certain related relief.

7. Any objections to the relief requested in the Sale Motion as relates to the sale of the Purchased Assets to the Stalking Horse Purchaser or Successful Bidder (except for any Adequate Assurance Objection), as applicable (each, a "*Sale Objection*") must: (a) set forth in writing and describe with specificity the factual and legal basis for the Sale Objection; (b) comply with the Bankruptcy Rules and Local Rules; (c) be filed with the Clerk of the Court by no later than **4:00 p.m. ET on February 19, 2026** (the "*Sale Objection Deadline*"); and (d) be served, so as to be actually received on or before the Sale Objection Deadline by the service parties (the "*Service Parties*") consisting of: (i) counsel for the Debtor, Hunton Andrews Kurth LLP, Attn: Tyler P. Brown, Esq., Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, email: tpbrown@hunton.com, (ii) counsel for the DIP Lender, Redmon Peyton & Braswell, LLP, Attn: Robert M. Marino, Esq. 510 King Street, Suite 301, Alexandria, Virginia 23214, email: rmmarino@rpb-law.com, (iii) counsel for the Committee, if one is appointed in this case; and (iv) the U.S. Trustee.

8. Objections, if any, to the manner in which the Auction was conducted and selection of the Successful Bidder (any such objection, an "*Auction Objection*") must (a) set forth in writing and describe with specificity the factual and legal basis for the Auction Objection; (b) comply with the Bankruptcy Rules and Local Rules; (c) be filed with the Clerk of the Court by no later than **4:00 p.m. ET on February 19, 2026** (the "*Auction Objection Deadline*"); and (d) be served so as to be actually received on or before the Auction Objection Deadline by the Service Parties.

9. Objections, if any, to the specific identity of and adequate assurance of future performance provided by the Successful Bidder, solely if a Stalking Horse Purchaser is not the Successful Bidder and solely with respect to non-debtor counterparties to proposed Assigned Contracts, (any such objection, an "***Adequate Assurance Objection***") must (a) set forth in writing and describe with specificity the factual and legal basis for the Adequate Assurance Objection; (b) comply with the Bankruptcy Rules and Local Rules; (c) be filed with the Clerk of the Court by no later than **4:00 p.m. ET on February 24, 2026** (the "***Adequate Assurance Objection Deadline***"); and (d) be served so as to be actually received on or before the Adequate Assurance Objection Deadline by the Service Parties.

10. This Sale Notice is subject to the full terms and conditions of the Bidding Procedures Order, including the Bidding Procedures, which shall control in the event of any conflict, and the Debtor encourages all parties in interest to review such documents in their entirety.

11. Additional information regarding the Sale, including copies of the Sale Motion, the Bidding Procedures Order and the Bidding Procedures, is available by contacting Debtor's counsel using the contact information below, or by accessing the documents via PACER.

[*Remainder of page intentionally left blank*]

Dated: January 23, 2026
Richmond, Virginia

                                        Respectfully submitted,

/s/ *Jennifer E. Wuebker*
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:    tpbrown@hunton.com
           jwuebker@hunton.com
           nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*