**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

**CERTIFICATE OF NO OBJECTION**

The undersigned hereby certifies that, as of the date hereof, he is not aware of any answer, objection or other responsive pleading to the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Maintain its Existing Cash Management System, Bank Accounts, and Business Forms; (II) Waiving Certain Requirements of the U.S. Trustee Operating Guidelines; and (III) Granting Related Relief* [Docket No. 8] (the "***Motion***"), which was filed by the above-captioned debtor (the "***Debtor***") on January 6, 2026, other than the informal objection of the Office of the United States Trustee, described below.

The undersigned further certifies that Debtor served the Motion on all necessary parties on January 6, 2026, in accordance with the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Columbia (the "***Local Rules***").

On January 9, 2026, the United States Bankruptcy Court for the District of Columbia granted the Motion on an interim basis [Docket No. 54] (the "***Interim Order***"). The Interim Order set a final hearing on the Motion for January 29, 2026, and pursuant to and in accordance with the

Local Rules, provides that any objections to the relief requested in the Motion on a final basis were due on or before January 26, 2026, at 4:00 p.m. (prevailing Eastern Time).

The undersigned further certifies that he has incorporated revisions agreed to with the Office of the United States Trustee in the proposed final order granting the Motion, the form of which is attached hereto as Exhibit A (the "**Final Order**"), and did not receive and otherwise is not aware of any other informal objection to the Motion, and has caused a review of the Court's docket in this case and no answer, objection or other responsive pleading to the Motion appears thereon.

The Debtor therefore seeks entry of the Final Order. A redline of the Final Order to the Interim Order is attached hereto as Exhibit B. The undersigned certifies that, except for the agreed revisions with the Office of the United States Trustee, the Final Order is substantially similar to the Interim Order in all respects except for it being converted to provide for final relief. The Debtor therefore hereby submits the Final Order to the Court for entry without further notice or hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 28, 2026
Richmond, Virginia

    Respectfully submitted,

    /s/ *Nicholas S. Monico*
    Tyler P. Brown (admitted *pro hac vice*)
    Jennifer E. Wuebker (D.C. Bar No. 1035039)
    Nicholas S. Monico (admitted *pro hac vice*)
    **HUNTON ANDREWS KURTH LLP**
    951 E. Byrd Street
    Richmond, Virginia 23219
    Telephone:    (804) 788-8200
    Facsimile:    (804) 788-8218
    Email:    tpbrown@hunton.com
        jwuebker@hunton.com
        nmonico@hunton.com

    *Proposed Counsel for the Debtor and Debtor in Possession*

## Exhibit A

**Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| | **Case No. 26-00005 (ELG)** |
| **Debtor.** | |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN ITS EXISTING CASH MANAGEMENT SYTEM, BANK ACCOUNTS, AND BUSINESS FORMS; (II) WAIVING CERTAIN REQUIREMENTS OF THE U.S. TRUSTEE GUIDELINES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to Maintain Its Existing Cash Management System, Bank Accounts, and Business Forms; (II) Waiving Certain Requirements of the U.S. Trustee Guidelines; and*

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

*(III) Granting Related Relief* [Docket No. 8] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to sections 105 and 363 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this " ***Final Order***"), (i) authorizing the Debtor to continue to maintain its existing Cash Management System, Accounts, and Business Forms in the ordinary course of business; (ii) waiving certain of the U.S. Trustee's Operating Guidelines; and (iii) granting certain related relief described herein; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on January 7, 2026 (the "***Hearing***"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearing and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED on a final basis.

2. The Debtor is authorized, but not directed, to continue using its Cash Management System in accordance with the Debtor's normal and customary practice, including by continuing to maintain and pay the Credit Card Program in the ordinary course of business.

3. The Debtor is further authorized, but not directed, to implement changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts and the closing of any existing Accounts, as it may deem necessary and appropriate in its sole discretion, so long as (i) any such new account is with a bank that is an

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

2

Authorized Depository of the Office of the United States Trustee, and (ii) the Debtor provides notice to the U.S. Trustee of the opening of such account.

4. The Debtor is further authorized to (i) continue to use, with the same account numbers, all of the Accounts in existence as of the Petition Date; (ii) treat the Accounts for all purposes as accounts of the Debtor as debtor in possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders, and invoices), as well as checks and all other documents related to the Accounts existing immediately before the Petition Date, which forms shall not be required to include the legend "Debtor in Possession" or other similar legend, *provided, that*, upon depletion of the Debtor's Business Forms, the Debtor will obtain new Business Forms stock reflecting its status as a debtor in possession.

5. Any requirement to establish separate accounts for tax payments is waived.

6. The Debtor is authorized to deposit funds in and withdraw funds from the Accounts by all usual means, including, but not limited to, checks, wire transfers, electronic funds transfers, ACH transfers and other debits, and to otherwise treat the prepetition Accounts for all purposes as debtor in possession accounts.

7. The Banks are authorized and directed to continue to maintain, service and administer the Accounts. Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to the Petition Date, and whether the Banks believe the payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court.

8. The Banks shall not be liable to any party on account of (a) following the Debtor's instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

9. Any payment from an Account at the request of the Debtor made by a Bank prior to the Petition Date (including any ACH transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of the Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited prepetition.

10. Notwithstanding anything to the contrary in this Final Order, payment made or action taken by the Debtor pursuant to the authority granted in this Final Order must be in compliance with and shall be subject to: (i) any final order approving the Debtor's use of cash collateral and/or any postpetition financing facility (in either case, the "***Cash Collateral Order***"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this Final Order, the terms of the Cash Collateral Order shall control.

11. Since the entry of the interim cash management order [Docket No. 54], the Debtor has opened three new Accounts at Capital One Bank, NA ("***Capital One***"). Capital One Account ending –4928 shall be used solely to hold good faith deposits of bidders participating in the Debtor's sale process. Capital One Account ending –7282 shall be used solely to hold reserved proceeds of the Debtor's debtor in possession financing facility. Further, As described in the Motion, the Debtor holds Accounts at Banks which are not Authorized Depositories. The balance

of such Accounts exceeds the $250,000 FDIC limit from time to time. The Debtor shall sweep any cash from such Accounts in excess of $250,000 to Capital One Account ending –4928 as soon as reasonably practicable after learning that such Account has a balance in excess of $250,000. In any event, the Debtor shall not allow any Account at a non-Authorized Depository Bank to have a balance in excess of $250,000 for more than five business (5) days.

12. This Final Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

13. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

15. The Debtor is directed to serve a copy this Final Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Final Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/ *Nicholas S. Monico*
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:	(804) 788-8200
Facsimile:	(804) 788-8218
Email:	tpbrown@hunton.com
	jwuebker@hunton.com
	nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*


SEEN:

/s/ *Kristen S. Eustis* (with express written permission)
Kristen S. Eustis
Trial Attorney, Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 23314
Telephone:	(703) 557-7227
Email:	Kristen.S.Eustis@usdoj.gov

6

**Exhibit B**

**Redline of Final Order to Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | **Case No. 26-00005 (ELG)** |
| Debtor. | |

<u>~~**INTERIM**~~**FINAL** **ORDER (I) AUTHORIZING THE DEBTOR TO MAINTAIN ITS EXISTING CASH MANAGEMENT SYTEM, BANK ACCOUNTS, AND BUSINESS FORMS;**
**(II) WAIVING CERTAIN REQUIREMENTS OF THE U.S. TRUSTEE GUIDELINES; AND (III) GRANTING RELATED RELIEF**</u>

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders: (I) Authorizing the Debtor to Maintain Its Existing Cash Management System, Bank Accounts, and Business Forms; (II) Waiving Certain Requirements of the U.S. Trustee Guidelines; and*

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

*(III) Granting Related Relief* [Docket No. 8] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to sections 105 and 363 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this " ~~*Interim*~~**Final** Order"), (i) authorizing the Debtor to continue to maintain its existing Cash Management System, Accounts, and Business Forms in the ordinary course of business; (ii) waiving certain of the U.S. Trustee's Operating Guidelines; and (iii) granting certain related relief described herein; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on January 7, 2026 (the "***Hearing***"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearing and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED on ~~an interim~~**a final** basis.

2. The Debtor is authorized, but not directed, to continue using its Cash Management System in accordance with the Debtor's normal and customary practice, including by continuing to maintain and pay the Credit Card Program in the ordinary course of business.

3. The Debtor is further authorized, but not directed, to implement changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts and the closing of any existing Accounts, as it may deem

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

2

necessary and appropriate in its sole discretion, so long as (i) any such new account is with a bank that is an Authorized Depository of the Office of the United States Trustee, and (ii) the Debtor provides notice to the U.S. Trustee of the opening of such account.

4. The Debtor is further authorized to (i) continue to use, with the same account numbers, all of the Accounts in existence as of the Petition Date; (ii) treat the Accounts for all purposes as accounts of the Debtor as debtor in possession; (iii) use, in their present form, all correspondence and Business Forms (including, but not limited to, letterhead, purchase orders, and invoices), as well as checks and all other documents related to the Accounts existing immediately before the Petition Date, which forms shall not be required to include the legend "Debtor in Possession" or other similar legend, *provided, that*, upon depletion of the Debtor's Business Forms, the Debtor will obtain new Business Forms stock reflecting its status as a debtor in possession.

5. Any requirement to establish separate accounts for tax payments is waived.

6. The Debtor is authorized to deposit funds in and withdraw funds from the Accounts by all usual means, including, but not limited to, checks, wire transfers, electronic funds transfers, ACH transfers and other debits, and to otherwise treat the prepetition Accounts for all purposes as debtor in possession accounts.

7. The Banks are authorized and directed to continue to maintain, service and administer the Accounts. Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires or ACH transfers are dated prior to, on or subsequent to the Petition Date, and whether the Banks believe the

payment is or is not authorized by an order of this Court and (b) have no duty to inquire as to whether such payments are authorized by an order of this Court.

8. The Banks shall not be liable to any party on account of (a) following the Debtor's instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

9. Any payment from an Account at the request of the Debtor made by a Bank prior to the Petition Date (including any ACH transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of the Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited prepetition.

10. Notwithstanding anything to the contrary in this ~~Interim~~**Final** Order, payment made or action taken by the Debtor pursuant to the authority granted in this ~~Interim~~**Final** Order must be in compliance with and shall be subject to: (i) any ~~interim or~~ final order approving the Debtor's use of cash collateral and/or any postpetition financing facility (in either case, the "*Cash Collateral Order*"); (ii) the documentation in respect of any such use of cash collateral and/or postpetition financing; and (iii) the budget governing any such use of cash collateral and/or postpetition financing. To the extent there is any inconsistency between the terms of the Cash Collateral Order and this ~~Interim~~**Final** Order, the terms of the Cash Collateral Order shall control.

**11. Since the entry of the interim cash management order [Docket No. 54], the Debtor has opened three new Accounts at Capital One Bank, NA ("*Capital One*"). Capital One Account ending –4928 shall be used solely to hold good faith deposits of bidders**

4

participating in the Debtor's sale process. Capital One Account ending –7282 shall be used solely to hold reserved proceeds of the Debtor's debtor in possession financing facility. Further, As described in the Motion, the Debtor holds Accounts at Banks which are not Authorized Depositories. The balance of such Accounts exceeds the $250,000 FDIC limit from time to time. The Debtor shall sweep any cash from such Accounts in excess of $250,000 to Capital One Account ending –4928 as soon as reasonably practicable after learning that such Account has a balance in excess of $250,000. In any event, the Debtor shall not allow any Account at a non-Authorized Depository Bank to have a balance in excess of $250,000 for more than five business (5) days.

~~11. To the extent that any of the Debtor's Accounts are not in compliance with section 345(b) of the Bankruptcy Code and any provision of the U.S. Trustee Guidelines, the Debtors shall have forty-five (45) days from the date this Interim Order is entered, without prejudice to seeking an additional extension or extensions, to come into compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines. The Debtor may obtain a further extension of the time period set forth in this paragraph by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order; *provided*, that nothing herein shall prevent the Debtor and the U.S. Trustee from agreeing to changes to the Cash Management System to satisfy the U.S. Trustee's section 345(b) concerns or prevent either the Debtor or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.~~

~~12. The final hearing on the Motion is scheduled for January 29, 2026, at 10:00 a.m. (prevailing Eastern Time) before this Court (the "*Final Hearing*"). This Interim Order~~

5

~~shall constitute good and sufficient notice of the Final Hearing such that no other or further notice need be given.~~

~~13. Any objection to the relief requested in the Motion on a final basis must, by 4:00 p.m. (prevailing Eastern Time) on January 22, 2026 (the "*Objection Deadline*"), be: (a) filed with the Court, and (b) actually received by (i) the Office of the U.S. Trustee; (ii) proposed counsel to the Debtor, Hunton Andrews Kurth LLP, Attn: Tyler P. Brown, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, email: tpbrown@hunton.com and (iii) counsel for any official committee of unsecured creditors, if then appointed in this Case.~~

~~14. A reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two business days before the Final Hearing.~~

12. ~~15.~~ This ~~Interim~~ Final Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

13. ~~16.~~ The Debtor is authorized to take all actions necessary to implement the relief granted herein.

14. ~~17.~~ The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

15. ~~18.~~ The Debtor is directed to serve a copy this ~~Interim~~ Final Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this ~~Interim~~ Final Order.

[*Endorsement Page Follows*]

6

WE ASK FOR THIS:

/s/ ~~*Jennifer E. Wuebker*~~ ***Nicholas S. Monico***
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:      (804) 788-8218
Email:           tpbrown@hunton.com
                    jwuebker@hunton.com
                    nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*


SEEN:

/s/ *Kristen S. Eustis* (with express written permission)
Kristen S. Eustis
Trial Attorney, Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 23314
Telephone:     (703) 557-7227
Email:           Kristen.S.Eustis@usdoj.gov

7