**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**NOTICE OF FILING PROPOSED FINAL CRITICAL VENDOR ORDER AND REDLINE OF PROPOSED FINAL CRITICAL ORDER AGAINST THE INTERIM CRITICAL VENDOR ORDER**

**PLEASE TAKE NOTICE** that on January 8, 2026, the United States Bankruptcy Court for the District of Columbia entered the interim order [Docket No. 53] (the "***Interim Order***"), granting the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors, and (II) Granting Related Relief* [Docket No. 12] (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that the Debtor hereby files the proposed final order granting the Motion (the "***Final Order***") on a final basis, which is attached hereto as Exhibit A. This proposed Final Order reflects revisions agreed to with the Official Committee of Unsecured Creditors.

**PLEASE TAKE FURTHER NOTICE** that a redline of the proposed Final Order to the Interim Order is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to seek entry of the Final Order at the hearing before the Court scheduled for January 29, 2026, at 10:00 a.m. (prevailing Eastern Time).

*[Remainder of Page Intentionally Left Blank]*

Dated: January 29, 2026
Richmond, Virginia

        Respectfully submitted,

        /s/ *Nicholas S. Monico*
        Tyler P. Brown (admitted *pro hac vice*)
        Jennifer E. Wuebker (D.C. Bar No. 1035039)
        Nicholas S. Monico (admitted *pro hac vice*)
        **HUNTON ANDREWS KURTH LLP**
        951 E. Byrd Street
        Richmond, Virginia 23219
        Telephone:   (804) 788-8200
        Facsimile:    (804) 788-8218
        Email:        tpbrown@hunton.com
                        jwuebker@hunton.com
                        nmonico@hunton.com

        *Proposed Counsel for the Debtor and Debtor in Possession*

**Exhibit A**

**Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>Case No. 26-00005 (ELG) |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO**
**PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS**
**AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors, and (II) Granting Related Relief* [Docket No. 12] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

possession (the "**Debtor**") pursuant to sections 105(a), 363, 503(b)(9), and 507 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this "***Final Order***"), (i) authorizing it to make payments to Critical Vendors on account of certain Critical Vendor Claims, and (ii) granting related relief; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened hearings on the Motion on January 7, 2026, and January 29, 2026 (the "***Hearings***"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearings and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED on a final basis.

2. The Debtor is authorized, but not directed, in its discretion, to pay Critical Supplier Claims up to $1,140,000. For the avoidance of doubt, the Debtor is not authorized by this Final Order to pay the Subcontractors any amount on account of the Subcontractor Claims, as set forth herein.

3. The Debtor shall consult with the Official Committee of Unsecured Creditors with respect to any intended recipient and the amount of any proposed payment to be made to the Critical Suppliers under this Final Order.

4. If a Critical Supplier accepts payment for a Critical Supplier Claim and thereafter does not continue to provide goods on at least as favorable terms as those practices and programs in place prior to the Petition Date, or such other terms that are acceptable to the Debtor in its

discretion, then (a) the Debtor may take any and all appropriate steps to cause such Critical Suppliers to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Suppliers; (b) upon recovery by the Debtor, any prepetition claim of such Critical Supplier shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtor to such party, the Debtor may elect to re-characterize and apply any payment made pursuant to the relief requested by this Motion to such outstanding postpetition balance and such Critical Supplier will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

5. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests or automatic clearing house transfers evidencing amounts paid by the Debtor under this Final Order whether presented prior to or after the Petition Date to the extent the Debtor has good funds standing to its credit with such bank or other financial institutions. Such banks and financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Final Order without any duty of further inquiry and without liability for following the Debtor's instructions.

6. Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's, or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to

3

pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. This Final Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

8. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

10. The Debtor is directed to serve a copy this Final Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Final Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/
_____
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:	(804) 788-8200
Facsimile:	(804) 788-8218
Email:		tpbrown@hunton.com
		jwuebker@hunton.com
		nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**~~INTERIM~~FINAL ORDER (I) AUTHORIZING THE DEBTOR TO
PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS
AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors, and (II) Granting Related Relief* [Docket No. 12] (the "***Motion***")[1] filed by the above-captioned debtor and debtor

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

**Exhibit B**

**Redline of Final Order to Interim Order**

in possession (the "**Debtor**") pursuant to sections 105(a), 363, 503(b)(9), and 507 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this "~~Interim~~**Final** Order"), (i) authorizing it to make payments to Critical Vendors on account of certain Critical Vendor Claims, and (ii) granting related relief; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened ~~a hearing~~**hearings** on the Motion on January 7, 2026**, and January 29, 2026** (the "~~Hearing~~**Hearings**"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the ~~Hearing~~**Hearings** and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED on ~~an interim~~ **a final** basis.

2. The Debtor is authorized, but not directed, in its discretion, to pay Critical Supplier Claims up to $~~163,000~~**1,140,000**. For the avoidance of doubt, the Debtor is not authorized by this ~~Interim~~**Final** Order to pay the Subcontractors any amount on account of the Subcontractor Claims, as set forth herein.

3. **The Debtor shall consult with the Official Committee of Unsecured Creditors with respect to any intended recipient and the amount of any proposed payment to be made to the Critical Suppliers under this Final Order.**

4. ~~3.~~ If a Critical Supplier accepts payment for a Critical Supplier Claim and thereafter does not continue to provide goods on ~~net-30 and other terms~~ at least as favorable

2

**terms** as those practices and programs in place prior to the Petition Date, or such other terms that are acceptable to the Debtor in its discretion, then (a) the Debtor may take any and all appropriate steps to cause such Critical Suppliers to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Suppliers; (b) upon recovery by the Debtor, any prepetition claim of such Critical Supplier shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtor to such party, the Debtor may elect to re-characterize and apply any payment made pursuant to the relief requested by this Motion to such outstanding postpetition balance and such Critical Supplier will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

**5.**    ~~4.~~ All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests or automatic clearing house transfers evidencing amounts paid by the Debtor under this ~~Interim~~**Final** Order whether presented prior to or after the Petition Date to the extent the Debtor has good funds standing to its credit with such bank or other financial institutions. Such banks and financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this ~~Interim~~**Final** Order without any duty of further inquiry and without liability for following the Debtor's instructions.

**6.**    ~~5.~~ Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing contained in the Motion or this ~~Interim~~**Final** Order or any payment made pursuant to this ~~Interim~~**Final** Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or priority of any claim or lien against the Debtor, a

3

waiver of the Debtor's, or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

~~6. The final hearing on the Motion is scheduled for January 29, 2026, at 10:00 a.m. (prevailing Eastern Time) before this Court (the "*Final Hearing*"). This Interim Order shall constitute good and sufficient notice of the Final Hearing such that no other or further notice need be given.~~

~~7. Any objection to the relief requested in the Motion on a final basis must, by 4:00 p.m. (prevailing Eastern Time) on January 22, 2026 (the "*Objection Deadline*"), be: (a) filed with the Court, and (b) actually received by (i) the Office of the U.S. Trustee; (ii) proposed counsel to the Debtor, Hunton Andrews Kurth LLP, Attn: Tyler P. Brown, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, email: tpbrown@hunton.com and (iii) counsel for any official committee of unsecured creditors, if then appointed in this Case.~~

~~8. A reply to an Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is two business days before the Final Hearing.~~

<u>7.</u> ~~9.~~ This ~~Interim~~<span style="color:blue">Final</span> Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

4

8.    ~~10.~~ The Debtor is authorized to take all actions necessary to implement the relief granted herein.

9.    ~~11.~~ The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this **Final** Order.

10.    ~~12.~~ The Debtor is directed to serve a copy this ~~Interim~~**Final** Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this ~~Interim~~**Final** Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/ ~~*Jennifer E. Wuebker*~~

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218
Email:           tpbrown@hunton.com
                    jwuebker@hunton.com
                    nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*


~~**SEEN:**~~

~~/s/ *Kristen S. Eustis* (with express written permission)~~
~~Kristen S. Eustis~~
~~Trial Attorney, Office of the United States Trustee~~
~~1725 Duke Street, Suite 650~~
~~Alexandria, VA 23314~~
~~Telephone:     (703) 557-7227~~
~~Email:           Kristen.S.Eustis@usdoj.gov~~

6