The order below is hereby signed.

Signed: January 29 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**Compass Coffee, LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**ORDER ESTABLISHING PROCEDURES FOR MONTHLY AND INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the *Debtor's Motion for Entry of an Order Establishing Procedures for Monthly and Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 73] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code and rule 2016 of the Bankruptcy Rules seeking entry of an order establishing procedures for monthly and interim

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Proposed Counsel for Debtor and Debtor in Possession*

compensation and reimbursement of expenses of professionals retained by the Debtor and any statutory committee appointed in this bankruptcy case (collectively, the "***Retained Professionals***"); the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; all objections, if any, to the Motion having been resolved, withdrawn or overruled; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. Except as otherwise provided in an order of this Court, Retained Professionals may seek monthly and interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "***Compensation Procedures***"):

a. **Service of Monthly Statement**. After the end of a month for which compensation is sought, each Retained Professional seeking compensation may file and serve a monthly statement (the "***Monthly Statement***") on (1) the Debtor's attorney, (2) the United States Trustee, (3) any pre-petition secured lender, (4) any post-petition secured lender, (5) the attorney for any committee appointed under the Bankruptcy Code, (6) any fee examiner appointed in the case, and (7) any other party the Court designates (collectively, the "***Professional Fee Notice Parties***").

b. **Contents**. The Monthly Statement shall contain a list of individuals who provided the services during the statement period, their job titles, their billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour without lumping or block billing, and a reasonably detailed breakdown of expenses incurred. The Monthly Statement shall include a notice that any objections shall be filed within fourteen (14) days of service of the Monthly Statement. After the expiration of the fourteen (14) day period, the Debtor shall be authorized to pay 80 percent of the undisputed fees and 100 percent of the undisputed expenses identified in the Monthly Statement.

c. **Filing of Summary**. If a Monthly Statement is served, a summary of the total fees and expenses requested shall be filed.

d. **Objections**. Any objection to a Monthly Statement shall be served on the affected Retained Professional and the other Professional Fee Notice Parties. The objection shall state the nature of the objection and the amount of fees or expenses at issue. After expiration of the fourteen (14) day objection period, the Debtor shall be authorized to pay the fees and expenses identified in the Monthly Statement that are not subject to the objection.

e. **Resolutions**. If any objecting party resolves a dispute with a Retained Professional, the objecting party or the Debtor with the consent of the objecting party, shall serve a notice on the Professional Fee Notice Parties that the objection is withdrawn. The notice shall describe the terms of the resolution. The Debtor shall be authorized to pay the portion of the fees and expenses identified in the Monthly Statement that is no longer subject to an objection.

f. **Preservation of Objections**. Any objection that is not resolved shall be preserved and presented to the Court at the next interim or final fee application hearing.

g. **No Waiver**. Whether a party objects to a Monthly Statement or not, any party may object to any fee application filed with the Court in accordance with the Bankruptcy Code. The failure to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any subsequently filed fee application.

h. **Applications**. Each Retained Professional shall file an application for interim or final approval of allowance of compensation and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy Code, including compensation previously paid by the Debtor on the basis of a Monthly Statement, every one hundred and twenty (120) days, unless the Court orders a different frequency. Unless the Court orders otherwise, the first fee application may be filed no earlier than one hundred and twenty (120) days from the petition date.

i. **Court Approval**. Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses shall have any effect on the Court's interim or final allowance of compensation or reimbursement of expenses. All fees and expenses, whether or not paid or objected to in connection with a Monthly Statement, remain subject to review and approval by the Court in connection with interim and final fee applications. All fees and expenses are subject to disgorgement or offset if not approved by the Court on a final basis.

j. **Committee Members**. These procedures may be used for reimbursement of expenses for members of a committee appointed under the Bankruptcy Code. The attorney for the committee shall collect and submit statements of expenses, with supporting vouchers, from the committee members.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. The Debtor is directed to serve a copy this Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/ *Nicholas S. Monico*

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@hunton.com
jwuebker@hunton.com
nmonico@hunton.com

*Proposed Counsel for the Debtor and Debtor in Possession*