The order below is hereby signed.

Signed: January 29 2026



*Elizabeth L. Gunn*
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| | **Case No. 26-00005 (ELG)** |
| **Debtor.** | |

**ORDER AUTHORIZING THE DETBOR TO REJECT**
**CERTAIN UNEXPIRED NON-RESIDENTIAL LEASES**

Upon consideration of the *Debtor's Motion to Reject Certain Unexpired Non-Residential Leases* [Docket No. 14] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to sections 105 and 365 of the Bankruptcy Code, rule 6006 of the Bankruptcy Rules, and rule 6006-1 of the Local Rules, seeking entry of an order (this "***Order***"),

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

authorizing the Debtor to reject certain non-residential real property leases (the "**Leases**"); the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on January 29, 2026 (the "**Hearing**"); all objections, if any, to the Motion having been resolved, withdrawn or overruled; upon the record of the Hearing and the M. Haft Declaration; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to reject the Leases set forth on Schedule 1 attached hereto,[2] including, to the extent applicable, any ancillary agreements, amendments, and modifications thereto, effective as to each Lease individually as of the date upon which the Debtor notifies the relevant Landlord in writing that (i) it has surrendered the leased premises to such Landlord and returned keys, key codes, or security codes, as applicable, or (ii) keys, key codes, or security codes are not available (the "**Rejection Date**").

3. At the request of the Debtor, this Order does not authorize the rejection of or otherwise purport to rule on the Debtor's request in the Motion to reject the Lease for the premises located at 1401 Okie Street, NE, Washington D.C. 20002. Unless an earlier hearing is requested on that relief in the Motion, the Court shall defer consideration of that request until the sale hearing set pursuant to this Court's order approving the Debtor's bidding procedures [Docket No. 90] on February 26, 2026.

---

[2] Schedule 1 to this Order and Exhibit B to the Motion are identical in all respects except that Schedule 1 does not include the Lease for the property located at 1401 Okie Street, NE Washington D.C. 20002.

2

4. Upon the occurrence of the Rejection Date, the Landlord may, consistent with applicable law, change the locks, rekey, and secure the premises without violating the automatic stay under section 362 of the Bankruptcy Code.

5. All property remaining in a leased premises on the relevant Rejection Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, or interests. As of the relevant Rejection Date, Landlords may, in their sole discretion and without further notice to any party or order of the Court, utilize and/or dispose of the abandoned property without liability to the Debtor or any third parties. To the extent the Debtor seeks to abandon any personal property that contains personally identifiable information, as that term is defined in Section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtor's employees and/or customers, or any other individual, the Debtor shall remove such information from such personal property before abandonment.

6. The Debtor is not authorized to abandon, and is directed to remove, any hazardous materials as defined under applicable law from each leased premises as and to the extent the Debtor is required to do so by applicable law.

7. Landlords shall have until the later of (i) May 18, 2026, the non-governmental proof of claim bar date [Docket No. 45], or (ii) thirty (30) days from their respective Rejection Dates to file a proof of claim for rejection damages. Rejection of any Lease shall otherwise have no impact on a Landlord's ability to file a claim in this Case, including but not limited to a claim for any prepetition amounts owed and/or an administrative expense claim for all post-petition rent accruing through the relevant Rejection Date, including for any costs incurred by such Landlord for the removal of abandoned property.

8. Nothing in this Order shall impair or release any Landlord claim(s) against guarantors or other non-debtor obligors of a rejected Lease.

9. Nothing in the Motion or this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtor, or (ii) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law.  Further, nothing herein shall prejudice the right of the Debtor to object to the allowance or reclassification of any claim for damages arising from the rejection of any Lease.

10. The Debtor is authorized to take all actions necessary to implement the relief granted herein.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. The Debtor is directed to serve a copy this Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/ *Nicholas S. Monico*
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:   (804) 788-8200
Facsimile:   (804) 788-8218
Email:       tpbrown@hunton.com
             jwuebker@hunton.com
             nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

## **Schedule 1**

## **Rejected Leases**

| Landlord | Leased Premises |
|---|---|
| 1401 Eye Holdings LLC | 1401 I St NW<br>Washington, DC 20005 |
| Bernstein Management Corporation | 1921 8th St NW<br>Washington, DC 20001 |
| 655 New York, LLC | 655 New York Avenue NW<br>Washington, DC 20001 |
| Falls Church (E&A), LLC | 7393 Lee Highway<br>Falls Church, VA 22042 |
| THE LOUIS DC RESIDENTIAL LLC | 1924 14th St NW<br>Washington, DC 20009 |
| Perseus 1827 Adams Mill Investments LLC | 1827 Adams Mill Rd NW<br>Washington, DC 20009 |
| NDH II Point LLC | 4300 Wilson Blvd<br>Arlington, VA 22203 |
| T-C 800 17TH STREET NW OWNER LLC | 1703 H St NW<br>Washington, DC 20006 |
| Core Spaces College Park | 4210 Knox Rd<br>College Park, MD 20740 |