**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** ) | |
| ) | Chapter 11 |
| **Compass Coffee, LLC** ) | |
| ) | Case No.: 26-00005 (ELG) |
| **Debtor.** ) | |
| _____ ) | |

**OBJECTION OF 13TH & F ASSOCIATES L.P. TO THE NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND SETTING FORTH PROPOSED CURE AMOUNTS**

13TH & F Associates L.P., a District of Columbia limited partnership ("**Landlord**"), by and through its attorney, William R. Feldman, Esq., and the law firm of Feldman & Associates, P.C., hereby respectfully submits this objection (the "**Objection**") to the Notice of Debtor's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and Setting Forth Proposed Cure Amounts dated January 23, 2026 (the "**Cure Notice**"), and does hereby reserve all rights with respect to the "Sale Order" (as defined herein), and in support thereof, does state as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Columbia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S. C. Sec. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(A), (N) and (O).

**BACKGROUND**

2. On January 6, 2026 (the "**Petition Date**"), Compass Coffee, LLC (the "**Debtor**") filed herein a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code.

1

3.	Upon information and belief, Debtor is operating its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.	Landlord and Debtor are parties to that certain "Lease" April 14, 2025, along with any and all addenda, riders, exhibits and attachments thereto (collectively, the "**Lease**") pursuant to which Landlord does lease to Debtor the "**Leased Premises**" (as defined therein) consisting of approximately 2,189 square feet of "**Net Rentable Area**" (as defined in the Lease) commonly known as Suite 220-R, situated in the "**Project**" (as defined in the Lease) having an address of 555 13th St., N.W., Washington, D.C. 20004, all in accordance with and as set forth more fully in the Lease. The Leased Premises are located within a "shopping center" as that term is used in Section 365(b)(3) of the Bankruptcy Code.  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.	On January 14, 2026, Debtor filed herein ***Debtor's Motion for (A) Entry of an Order (I) Approving Bidding Procedures, (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, (III) Approving Stalking Horse Protections, (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date, (V) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtor to Sell its Assets, and (II) Authorizing Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief*** [Docket No. 76] (the "**Motion**"), seeking, inter alia, to establish procedures governing the potential sale of certain assets of Debtor (the "**Purchased Assets**") free and clean of liens.

6.	In the ***Stalking Horse Selection Notice*** filed herein [Docket No. 93], Caffe Nero North America, Inc., has been identified as the stalking horse purchaser (the "**Stalking Horse**").

2

7. On January 21, 2026, the Court entered an order (the "**Bidding Procedures Order**") [Docket No. 90] which, among other things: (i) established bidding procedures that govern the manner in which the Purchased Assets are to be marketed and sold, (ii) established procedures for the assumption by Debtor and assignment to the "**Successful Bidder**" (as defined in the Motion), or the Stalking Horse, of certain of Debtor's executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code.

8. On or about January 23, 2026, Debtor filed herein the Cure Notice. In the Cure Notice the cure amount for the Premises is in the amount of $10,892.36 (the "**Proposed Cure Amount**").

## **OBJECTION**

9. Landlord is entitled to have all defaults cured as a condition of any assumption and assignment of the Lease. 11 U.S.C. Sec. 365(b)(1)(A). Debtor is currently in default under the Lease as a result of Debtor's failure to pay to Landlord all rent and other sums due under the Lease timely and otherwise in accordance with its terms.

10. Landlord objects to the Cure Notice insofar as the Proposed Cure Amount stated therein is incorrect. The correct cure amount due Landlord under the Lease is in the amount of $25,472.07 (the "**Correct Cure Amount**"), as set forth more fully on the statement of account attached hereto and incorporated herein by reference as **Exhibit A**. The Proposed Cure Amount and the Correct Cure Amount is exclusive of: (i) attorney's fees incurred by Landlord with regard to this matter, and (ii) accrued but unbilled rent, utility charges and indemnity obligations.

11. Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees, which Landlord is entitled to under the Lease. Therefore, attorneys' fees must be included as part of Landlord's cure amount as pecuniary losses suffered as a result of Debtor's

3

default under the Lease, pursuant to Section 365(b)(1)(B). *See, In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams,* 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del June 24, 2011; *see also In re French,* 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991).

12.     Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Lease. Landlord reserves the right to supplement this Objection with the final amount of accrued attorneys' fees through the date of the entry of an order herein.

13.     It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignments, as assumption of an expired lease (is a necessary prerequisite to its assignment under Sec. 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing U.S.C. 365(f)(2)).

14.     Therefore, Debtor, in seeking to assume and assign the Lease to the Successful Bidder (or the Stalking Horse), or any other assignee, is first obligated to cure all outstanding defaults under the Lease including, but not limited to, payment of the Correct Cure Amount, plus attorneys' fees that have accrued through the date of such assignment and assumption.

15.     Debtor has a continuing obligation to pay all rent, additional rent and other charges due under the Lease which has and shall accrue through the date of any such assignment and assumption of the Lease, but which rent, additional rent and other charges are not yet due (collectively, the "**Unbilled Rent**").

16.     Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify, defend and hold harmless Landlord for events occurring prior to the date of any such assignment and assumption of the Lease. The Lease obligates Debtor to indemnify, defend and

4

hold harmless Landlord from and against various claims, liabilities, damages and expenses (collectively, the "**Indemnity Obligations**"), in accordance with and as set forth more fully in the Lease.  Any assignee of the Lease must assume all such Indemnity Obligations.

17. Debtor's obligation to pay all Unbilled Rent and to satisfy the Indemnity Obligations are part of Landlord's right to receive adequate assurance of future performance and to ensure that the Lease is assumed and assigned *cum onere*.  *See, In re Interstate Bakeries Corp.,* 167 F. 3d 843, 961 (8th Cir. 2014); *see also* 11 U.S.C. Sec. 365(b)(1).  Therefore, Debtor's obligation to pay Unbilled Rent and to satisfy the Indemnity Obligations should be assumed by any assignee of the Lease as party of any assignment and assumption of the Lease.

18. Landlord reserves the right to object to any proposed order assuming and assigning the Lease to the Successful Bidder, the Stalking Horse or any other assignee including, without limitation, identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and any order entered herein, and Landlord having sufficient notice and opportunity to be hear regarding any proposed assignment and assumption of the Lease.

19. Landlord objects to the form of any proposed assignment and assumption order on all grounds relating to the proposed assignment and assumption of the Lease, including but not limited to, with respect to the Unbilled Rent and Indemnity Obligations.

20. Landlord reserves all rights to supplement this Objection and make such other and further objections as may be necessary or appropriate, including with respect to any amended Proposed Cure Amount and any proposed order pertaining hereto.

21. Landlord hereby joins any other objections filed herein by any other landlord(s) of Debtor to the extent that any such objection(s) are not inconsistent with the relief sought herein.

WHEREFORE, Landlord respectfully requests that the Court enter an order consistent with this Objection and grant Landlord such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

/s/ William R. Feldman

William R. Feldman, Esq. | Bar # 358221
Feldman & Associates, P.C.
451 Hungerford Dr Ste 210
Rockville, MD   20850
Telephone: 301-469-3610
E-mail:  wfeldman@wfeldmanlaw.com
Counsel for 13th & F Associates L.P.

Copies to Service Parties:

Attn: Nicholas S. Monico, Esq.
Attn: Jennifer E. Wuebker, Esq.
Attn: Tyler P. Brown, Esq.
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
804-787-8180
Email: nmonico@huntonak.com
Email: jwubebker@hunton.com
Email: tpbrown@hunton.com
Counsel for Debtor in Possession
Compass Coffee, LLC


Redmon Peyton & Braswell, LLP
Attn:  Robert M. Marino, Esq.
510 King Street
Suite 301
Alexandria, VA 23214
Email: rmmarino@rpb-law.com

U.S. Trustee
U. S. Trustee for Region Four
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314
703-557-7176


Kristen S. Eustis
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314
703-557-7227
Email: Kristen.S.Eustis@usdoj.gov


Creditor Committee
William P. Gelberg, Inc.
c/o James Lerner, President
6511 Chillum Place NW
Washington, DC 20012


Creditor Committee
Brookfield Properties Retail Inc.
c/o Julie Minnick Bowden, Director
350 N. Orleans St.
Suite 300
Chicago, IL 60654


Creditor Committee
Official Committee of Unsecured Creditors
Attn: Jeffrey L. Tarkenton
Womble Bond Dickinson (US) LLP
2001 K Street, NW
Suite 400 South
Washington, DC 20006
202-857-4450
Fax : 202-261-0050
Email: jeffrey.tarkenton@wbd-us.com