Addison J. Chappell, Esquire
Catherine B. Harrington, Esquire
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone:  (410) 385-3481
Phone: (301) 517-4802
Email:  achappell@milesstockbridge.com
Email:  charrington@milesstockbridge.com

*Counsel for MDP 1351 Wisconsin LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:

COMPASS COFFEE, LLC

                 Debtor.

Case No. 26-00005-ELG
(Chapter 11)

### LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S NOTICE OF FILING ASSIGNED CONTRACT LIST AND NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND SETTING FORTH PROPOSED CURE AMOUNTS

MDP 1351 Wisconsin, LLC ("Landlord"), by and through undersigned counsel, files its Limited Objection and Reservation of Rights to Debtor's Notice of Filing Assigned Contract List and Notice of Debtor's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and Setting Forth Proposed Cure Amounts ("Objection").[1] In support thereof, Landlord states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1. Landlord and Compass Coffee, LLC ("Debtor") are parties to that certain Commercial Lease dated April 18, 2018 (as amended, the "Lease"), whereby the Debtor leases

---

[1] Prior to filing, undersigned counsel had discussions with counsel for the Debtor and Caffe Nero (defined herein) to resolve Landlord's objections.  Those discussions have been productive and Landlord fully expects to be able to resolve these objections with the Debtor and Caffe Nero, if the successful bidder for the Debtor's assets, prior to the sale hearing, however this Objection is filed out of an abundance of caution to preserve Landlord's rights.

real property at 1351 Wisconsin Ave. NW, Washington DC, 20007, consisting of 3,200 square feet of rentable space (the "Premises").

2. On January 6, 2026, the Debtor commenced the above-captioned case by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

3. On January 23, 2026, the Court entered an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof [Dkt. No. 90] (the "Sale Procedures Order"), which establishes procedures for, among other things, the auction, sale, and assumption of executory contracts and unexpired leases.

4. On the same day, the Debtor filed its Stalking Horse Selection Notice [Dkt. No. 93], which identified Caffe Nero North America, Inc. ("Caffe Nero") as the stalking horse purchaser.

5. On the same day, the Debtor filed its Notice of Assigned Contract List [Dkt. No. 94], which listed the Lease as one of several unexpired leases it plans to assume and assign to the successful purchaser at the forthcoming sale hearing.

6. On January 26, 2026, the Debtor provided undersigned counsel its Notice of Debtor's Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases and Setting Forth Proposed Cure Amounts (the "Cure Notice").

7. Pursuant to the Sale Procedures Order, February 6, 2026, is the deadline for landlords to file any objections to (1) the assumption and assignment of any executory contract or unexpired lease identified in the Debtor's Cure Notice, (2) the adequate assurance provided by

2

Caffe Nero (except in the context of an adequate assurance objection for a successful bidder that is not Caffe Nero), or (3) to the proposed cure amounts set forth in the cure notice.

## OBJECTION AND ARGUMENT

### A. General Objection

8. While the Landlord does not generally object to a sale of the Debtor's assets to maximize the value of the estate for the benefit of all creditors, including the Landlord, Landlord does object to any proposed assumption and assignment of the Lease unless Debtor and/or the successful bidder, whether that is Caffe Nero or another company, comply with all of the requirements of Section 365 of the Bankruptcy Code. Absent the ability, or willingness, of the Debtor, Caffe Nero, and/or the successful bidder to satisfy these requirements, the Court should deny any proposed assumption and assignment of the Lease.

### B. Cure Amounts

9. Section 365 provides that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the [debtor] may not assume such contract or lease, unless … the [debtor] … cures, or provides adequate assurance that the [debtor] will promptly cure." 11 U.S.C. § 365(b)(1). Thus, Section 365 allows the debtor to assume a beneficial contract provided that the counterparty to the contract is made whole at the time of assumption. *In re Eagle Bus Mfg., Inc.*, 148 B.R. 481, 483 (Bankr. S.D. Tx. 1992) (citing *255 Tpk. Assoc. v. J.W. Mays, Inc. (In re J.W. Mays, Inc.)*, 30 B.R. 769, 722 (Bankr. S.D.N.Y. 1983)). Section 365 requires the cure of all defaults before an unexpired lease of nonresidential real property can be assumed. *In re Building Block Child Care Centers, Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999).

10. The Cure Notice establishes that the cure amount constitutes all amounts owed pre-petition, and is silent regarding payment of items that accrue post-petition. The Debtor and

Landlord agree that the pre-petition amount owed is $41,115.80, and that the Debtor will pay post-petition obligations that accrue to assume and assign the Lease. This Objection is not meant to contradict this agreement, but merely to preserve Landlord's right to claim the amount of all items that accrue, which are summarized in the below table:[2]

| **Item:** | **Amount Owed:** |
|---|---|
| Pre-petition default: | $41,115.80 |
| January stub rent | $17,605.69 |
| February rent | $20,991.40 |
| March rent | As accrues |
| **Total** | **$79,712.89 + rent as accrues** |

11. Unless the total cure amount includes all amounts due, the Lease should not be assumed and assigned in accordance with Section 365(b).

   *i.     Tax Reconciliation and Quarterly Water Payments*

12. In addition to rent and related monthly charges, certain charges for which the Debtor is responsible have not yet been reconciled or billed. Property taxes, for example, are estimated prospectively, billed to and paid by the Debtor in increments throughout the year, and reconciled after year-end. Similarly, water for the Premises is sub-metered and billed to the Debtor in quarterly increments.

13. Because Section 365(b) requires a debtor to cure only those obligations that are in default, and because there can be no default for failure to pay an amount that has not yet been

---

[2] Landlord's cure amount does not include charges arising after filing this Objection, or charges not directly billed to Landlords as of the filing of this Objection. To the extent Landlord is later billed for any amount due to Debtor's failure to pay, or to the extent that there are other charges that come due under the Lease after the date of this Objection, Landlord retains and reserves the right to payment of these amounts when billed in the ordinary course under the Lease (and to amend this Objection to the extent necessary for any amounts that come due under the Lease through the date of any cure payment).

119214\000007\4908-7993-4861.v2

billed, these accrued but unbilled charges are not presently due under the Lease. Accordingly, they do not constitute a current default giving rise to a cure obligation at this time.

14. Notwithstanding the foregoing, the Debtor remains responsible for all accrued and accruing charges under the Lease and must pay these charges when they become due. The obligation to pay year-end tax adjustments and quarterly water charges is part of the Debtor's duty to provide adequate assurance of future performance under Section 365(b)(1)(C).

15. Because the Debtor assumes and assigns the Lease subject to its terms, all obligations owing under the Lease, including those that have accrued but have not yet been billed, must also be assumed and assigned. Any final assumption or sale order should therefore clearly state that the Debtor, Caffe Nero, or the successful purchaser will assume these lease obligations and pay them when due, regardless of whether they relate to the period before or after the closing of the sale. In addition, any provision in a sale order purporting to release the Debtor, Caffe Nero, or the proposed purchaser from further liability based upon payment of cure amounts must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease.

    ii.    *Indemnification*

16. The Lease requires the Debtor to indemnify and hold the Landlord harmless with respect to any existing claims which may not become known until after the assumption and assignment of the Lease, examples of which include personal injuries at the Premises and negligence of the tenant or its agents. Any sale order must provide that the assumption and assignment is pursuant to the terms of the Lease, including that the assignee, whether that is Caffe Nero or other successful bidder, continues to be responsible for all indemnification obligations, regardless of when they arose.

### C. Assumption and Amendment Agreement

17. Landlord requests that, as a condition to any order approving assumption and assignment of the Lease, Caffe Nero or the successful bidder be required to enter into an assumption and amendment agreement. Under such agreement, Caffe Nero or the successful bidder would become directly obligated to Landlord under the terms of the Lease, and the Lease's notice address provisions would be modified accordingly. Caffe Nero appears willing to agree to this condition. However, Landlord's request for an assumption and amendment agreement extends to any successful purchaser if not Caffe Nero and is therefore included in this Objection.

### D. Additional Security

18. Section 365(l) of the Bankruptcy Code provides:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

19. In the ordinary course of its business, Landlord requires a guaranty agreement as a form of additional security when creating a new lease. Accordingly, Landlord has requested that Caffe Nero's sister company, Caffe Nero Americas, Inc., enter into a written guaranty agreement. Undersigned counsel has had initial conversations with Caffe Nero's counsel regarding this request, and Caffe Nero Americas, Inc. appears willing to provide such a guaranty. Although an agreement on this issue appears likely, Landlord includes this request in its Objection to preserve the issue if Landlord cannot reach an agreement with Caffe Nero, Caffe Nero Americas, Inc., or another acceptable third-party guarantor.

20. Landlord's request for an executed written guaranty agreement extends to any successful purchaser if not Caffe Nero.

## RESERVATION OF RIGHTS

21. Landlord reserves the right to amend this Objection, amend the cure amount demanded, and to the extent that the Lease is rejected, reserves the right to amend any proof of claim it may file to assert any rejection damages it may be entitled to. Landlord further reserves all rights to object to any other relief sought by the Debtor in connection with the proposed assumption and assignment of the Lease.

## JOINDER IN OBJECTIONS RAISED BY OTHER INTERESTED PARTIES

22. To the extent consistent with the objections raised herein, Landlord joins in the objections of other landlords and contract counterparties to the Debtor's proposed relief.

WHEREFORE, Landlord respectfully requests that this Court condition the assumption and assignment of the Lease on the Debtor's satisfaction the objections raised herein and provide such further relief as this court deems just and proper.

DATE: February 6, 2026

*/s/ Addison J. Chappell*
Addison J. Chappell, Esquire
Catherine B. Harrington, Esquire
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3481
Phone: (301) 517-4802
Email: achappell@milesstockbridge.com
Email: charrington@milesstockbridge.com

*Counsel for MDP 1351 Wisconsin LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 6, 2026 a copy of the foregoing Objection was served via this Court's CM/ECF system, with copies being sent to all parties receiving electronic notice herein including but not limited to:

- Nicholas S. Monico   nmonico@huntonak.com
- Jennifer E. Wuebker   jwuebker@hunton.com

*Debtor's counsel*

- Robert M. Marino   rmmarino@rpb-law.com

*Counsel for National Investment Group, Inc.*

- Jeffrey L. Tarkenton   jeffrey.tarkenton@wbd-us.com

*Counsel for the Unsecured Creditors Committee*

- Kristen S. Eustis   Kristen.S.Eustis@usdoj.gov

*Office of the United States Trustee*

<i>/s/ Addison J. Chappell</i><br>
Addison J. Chappell

119214\000007\4908-7993-4861.v2