IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>COMPASS COFFEE, LLC,<br><br>    *Debtor.* | Case No.: 26-00005<br>Chapter 11 |

## WEST HALF RESIDENTIAL II, LLC'S CONTRACT OBJECTION

West Half Residential II, LLC ("West Half"), by undersigned counsel, files this Contract Objection pursuant Paragraph 23(i) of the Order Approving Bidding Procedures (ECF #90).[1] As grounds for its Objection, West Half states as follows:

### PROCEDURAL FACTS

1. On January 6, 2026 (the "Petition Date"), Compass Coffee, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### THE SALE MOTION

2. On January 6, 2026, the Debtor filed a Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (V) Approving Form of Notice Thereof; (B) Entry of and Order after the Sale Hearing (I) Authorizing the Debtor to Sell its Assets (the "Sale Motion") (ECF # 76).

---

[1] The full title of the Order is "Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired leases; (III) Approving Stalking Horse protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof."

1

3. The Sale Motion disclosed that there was a Stalking Horse bid purchaser, but also contemplated that the offer and sale of some or all of the Debtor's assets "will be subject to higher or better bids in accordance with the Bidding Procedures." Sale Motion at 7, ¶ 18

4. The relief requested in Sale Motion was eventually approved, after some revisions were made, in the Order Approving Billing Procedures. That Order set a deadline of February 6, 2026 at 4:00 pm for the filing of any objections to (1) the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, (2) the adequate assurance provided by the Stalking Horse Purchaser, and the proposed Cure Amounts set forth in the Cure Notice (defining such an objection as a "Contract Objection"). ECF # 90 at 12-13.

5. On January 23, 2026, the Debtor filed a Notice of Filing Assigned Contract List ("Assigned Contract Notice"). Schedule 1 to the Assigned Contract Notice lists West Half as a Counter Party to a potentially assumed lease. ECF # 94-1 (second row up from the bottom of the Schedule).

<u>FACTS REGARDING WEST HALF</u>

6. West Half leases space to the Debtor pursuant to a Retail Lease Agreement dated May 18, 2017 (the "Lease") on the first floor ("Premises") of the building located at 1201 Half Street, S.E., Washington, D.C.

7. The Lease was modified by an Amendment to Lease dated September 10, 2021 ("Amendment"). For convenience, the Lease and the Amendment may be referred to together as the "Lease."

8. Since the date the Petition was filed, the Debtor has continued its operations in the Premises and the Debtor's property has been located in the Premises. No payments have been made to West Half by the Debtor after the petition was filed.

2

9. The Lease contains provisions that allow West Half to recover late charges and interest from the Debtor. Lease at page 29, Section 19.6 (allowing for interest and a five percent late fee on past due amounts).

10. The Lease also contains multiple provisions that allow West Half to recover its attorney's fees from the Debtor. *See, e.g.,* Lease at page 24, Section 15.2(c) and pages 27-28, Section 19.2.

### THE CURE NOTICE AND ADEQUATE ASSURANCE MATERIALS SENT TO TERRELL PLACE

11. On January 29, 2026, the Debtor's counsel sent to West Half's counsel Notice of Debtor's Intent To Assume and Assign Certain Executory Contracts and Unexpired Leases and Setting Forth Proposed Cure Amounts (the "Cure Notice").

12. Schedule 1 of the Cure Notice listed $35,531.70 as the amount required to cure pre-petition arrears under the Debtor's lease with West Half.[2]

13. On January 28, 2026, the Debtor's counsel sent to West Half's counsel an email with purported adequate assurance materials. Those materials consisted of a one page letter and a one page bank statement from the Caffe Nero European based parent entity. No other adequate assurance information was provided in that notice.

14. On February 4, 2026, West Half's counsel requested from the Stalking Horse bidder's counsel the following documents in order for West Half to evaluate the adequate assurance of the potential Staking Horse purchaser: (1) A current financial statement; (2) a current balance sheet (if not already included in No. 1); and 2024 and 2025 profit and loss statements.

---

[2] West Half was listed as "JBG West Half Residential II, LLC."

15. On February 5, 2026, counsel for the Stalking Horse Purchaser provided a financial statement entitled "December 2025 Income Statements – All USA Departments" for "Caffe Nero Americas", which is believed to be a 2025 income statement for Caffe Nero Americas, Inc.

### OBJECTIONS TO THE PRE-PETITION CURE AMOUNT

16. West Half objects to the cure amount of $35,531.70 for the Lease because the amount is incorrect. The Lease provides that rent for the full month is due in advance, on the first day of the month. There is no provision in the Lease allowing monthly rent charges to be prorated by day. The total monthly charges due under the Lease as of the petition date, excluding late charges and interest, were $51,582.32. *See* Exhibit 1 (lease ledger).

17. The proposed Cure Amount for West Half does not appear to include late fees or interest. The actual ledger balance of the Debtor's account, including late fees owed as of the petition date is $54,171.44. *See* Exhibit 1 (Lease Ledger for the Debtor).

18. If the Court determines that the pre-petition cure amount should include a full month's rent as required by the Lease, the correct pre-petition cure amount is $54,161.44. If the Court determines that the pre-petition cure amount should be prorated (despite the Lease requirements), the correct pre-petition cure amount with prorated rent for January 2026 is $41,893.96. *See* Exhibit 1.

### OBJECTIONS TO THE ADEQUATE ASSURANCE MATERIALS

19. To date no adequate assurance documents have been provided for the Stalking Horse entity and very little information has been provided (one income statement for one year) about Caffe North Americas Inc., the entity which is believed to being offered by the Staking

2693\7222\4896-4166-7981.v1

Horse entity as a proposed guarantor of the Lease, if it is assumed. The terms of any suitable, proposed guaranty of the Lease have not been disclosed or negotiated.

## All Defaults, Including Both Pre-petition Claims and Post-Petition Obligations, Must be Cured in Order to Assume the Lease with West Half

20. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provides, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, *the trustee may not assume such contract or lease unless,* at the time of assumption of such contract or lease, the trustee—
>
> (A) *cures, or provides adequate assurance that the trustee will promptly cure, such default...*
>
> (B) *compensates, or provides adequate assurance that the trustee will promptly compensate,* a party other than the debtor to such contract or lease, *for any actual pecuniary loss to such party resulting from such default;*

11 U.S. Code §365(b)(1)(A) and (B) (italic emphasis added).

21. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. *See In re: Tech Hifi, Inc.*, 49 B.R. 876 (Bankr. D. Mass. 1985) (reasonable attorneys' fees required to be paid in order to assume lease); *see also In re: F&N Acquisition Corp.*, 152 B.R. 304 (W.D.Wash. 1993); *In re: Westworld Community Healthcare, Inc.*, 95 B.R. 730 (C.D.Cal. 1989); *In re: Ryan's Subs, Inc.*, 25 Bankr. Ct. Dec. 649 (W.D.Md. 1994); and *In re: Child World, Inc.*, 161 B.R. 349 (S.D.N.Y. 1993) (Section 365(b)(1)(B) allows for recovery of attorneys' fees if based upon the language of the lease).

22. As part of any assumption and assignment of the Lease, West Half should be reimbursed for other amounts due under the Lease, including the post-petition amounts due under the Lease, and all of West Half's actual pecuniary losses.

23. There are additional amounts currently owed under the Lease for post-petition rent and additional rent for outstanding for February 2026 charges.

24. West Half should also be reimbursed for the additional costs that it has incurred with regard to Debtor's bankruptcy case, and the potential assumption and assignment of the Lease in connection with the proposed sale. Those losses include the attorneys' fees and costs that West Half incurred post-petition as a result of the Debtor's defaults under the Lease.

25. West Half's post-petition attorneys' fees and expenses are currently unliquidated. The invoice for January 2026 legal services expenses has not yet been issued to West Half. West Half also cannot be certain whether and when the Lease will be assumed and assigned and by whom. The final cure amount at the time of sale should include all of West Half's attorneys' fees and other losses to which it is entitled under the Lease.

## OTHER OBJECTIONS

26. The Lease further provides that the Debtor must indemnify and hold West Half harmless with respect to claims that may not become known until after the assumption and assignment of the Lease occurs (*e.g.*, personal injury claims and damage to the leased premises). *See, e.g.,* Lease at page 3, Section 2.7, page 10, Section 6.3(b), page 17, Section 9.2, and page 24, Section 15.2. Any order approving the assumption and assignment of the Lease must provide that the assumption and assignment is pursuant to the terms of the Lease, and that the proposed assignee will continue to be responsible for all such indemnification obligations, regardless of when they arose.

## JOINDER

27.     In addition to the foregoing, West Half joins in the objections filed by the Debtors' other landlords the extent that such objections are not inconsistent with the objections of Terell Place and the relief requested by West Half in this Objection.

## RESERVATION OF RIGHTS

28.     West Half expressly reserves its right to supplement, modify, or amend this Objection and make such other and further objections to the proposed sale and related transactions, including any assumption and assignment of the Lease. Nothing set forth herein shall constitute a waiver, discharge, or disallowance of any rights, claims, causes of actions, or defenses that West Half has asserted or may assert against the Debtor.

WHEREFORE, the Court should enter an Order:

A.      Requiring, as a condition to the assumption and/or assignment of the Lease, that any assignee (i) pay to West Half all amount owed under the Lease through the effective date of assumption of the Lease; and (ii) provide adequate assurance of future performance, which will likely have to include a guaranty of the Lease by an existing entity with sufficient financial wherewithal;

B.      Holding that the Debtor be required to escrow a reasonable amount to account for the additional costs that West Half may incur with respect to both (i) vetting the adequate assurance materials of any other successful bidder; and (ii) approving any Guaranty and/or assignment document for any successful bidder.

C.      Granting such other and further relief as this Honorable Court deems just and proper.

                                        Respectfully submitted,

                                        GREENSTEIN DELORME & LUCHS, P.C.

Dated: February 6, 2026          /s/ James D. Sadowski
                                        James D. Sadowski, D.C. Bar No. 446635
                                        801 17th Street, N.W., Suite 1000
                                        Washington, D.C. 20006
                                        Phone: (202) 452-1400; Fax: (202) 452-1410
                                        Emails: jds@gdllaw.com
                                        *Counsel for West Half Residential II, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2026, a true and correct copy of the foregoing Objection should be served electronically by a Notice of Electronic filing on all persons receiving notices via the Court's CM/ECF system.

                                          /s/ James D. Sadowski
                                          James D. Sadowski

2693\7222\4896-4166-7981.v1