**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| COMPASS COFFEE, LLC | ) | Case No. 26-00005 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**SV VILLAGE OPERATING, LLC'S OBJECTION TO DEBTOR'S MOTION FOR (A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES; (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING STALKING HORSE PROTECTIONS; (IV) SCHEDULING BID DEADLINE, AUCTION DATE, AND SALE HEARING DATE; (V) APPROVING FORM OF NOTICE THEREOF; (B) ENTRY OF AN ORDER AFTER THE SALE HEARING; (I) AUTHORIZING THE DEBTOR TO SELL ITS ASSETS; AND (II) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; <u>AND (C) GRANTING RELATED RELIEF</u>**

SV Village Operating, LLC ("Landlord"), by and through its undersigned counsel, hereby objects to Debtor Compass Coffee, LLC's Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (V) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing; (I) Authorizing the Debtor to Sell its Assets; and (II) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the "Motion") [Docket No. 76]: [1]

**BACKGROUND**

1. On January 6, 2026, Debtor filed a voluntary bankruptcy petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] By agreement, Debtor extended the time for Landlord to file any Objection to the Motion to February 11, 2026.

2.  Debtor is operating its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On January 21, 2026 the Court entered an order [Docket No. 90] which established, among other things, bidding procedures for the auction of Debtor's assets and the assumption and assignment of Debtor's executory and unexpired Leases to the Stalking Horse, which has been identified as Caffe Nero North America, Inc. (the "Stalking Horse"), or to such other Successful Bidder at auction.

4.  Debtor and Landlord are parties to that certain Shopping Center Lease, as amended by that certain First Amendment to Lease dated April 1, 2020 (the "First Amendment") and by that certain Second Amendment to Lease dated July 18, 2023 (the "Second Amendment"), pursuant to which Debtor leases approximately 2,878 rentable square feet of area located in the Shopping Center known as Spring Valley Shopping Center at 4850 Massachusetts Avenue, N.W., Washington, DC (the "Premises") (the Shopping Center Lease, the First Amendment and the Second Amendment are collectively referred to as the "Lease").

5.  On January 23, 2026, Debtor filed a Notice of Filing Assigned Contact List [Docket No. 94], that listed the Lease as a potential Lease to be assumed and assigned to the Stalking Horse or to the Successful Bidder as the case may be.

## ARGUMENT

### I. Debtor Has Not Provided Adequate Assurance of Future Performance of the Lease

6.  Section 362(f)(2) of the Bankruptcy Code provides:

The Trustee may assign an executory contract or unexpired lease pf the debtor only if -

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract of lease

is provided, whether or not there has been a default in such contract or lease.

Section 365(b)(1) of the Bankruptcy Code further provides;

If there has been a default in an executory contract or unexpired lease of the debtor, the

trustee may not assume such contract or lease unless, at the time of assumption of such contract or

lease, the trustee -

(A) cures, or provides adequate assurance that the trustee will promptly cure, such

default…;

(B) compensates, or provides adequate assurance that the trustee will promptly

compensate, a party other than the debtor to such contract or lease for any actual

pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease;

7.    Debtor has failed to provide adequate assurance of the Staking Horse's ability to

perform its financial obligations under the Lease should it be the purchaser of Debtor's assets.  at

the sale.

8.   Debtor initially provided Landlord with a just single page business account statement

for an entity identified as "Caffé Nero." Further, the bank statement purports to be account

information for the Stalking Horse's parent company, Caffé Nero Americas, Inc. "Caffé Nero

Americas) and not the "purchasing vehicle" (i.e.  the Stalking Horse). As the Stalking Horse

appears to be a single purpose entity formed for the purpose of acquiring the Debtor's assets, it

likely has no assets. As such, the assets and finances of the Stalking Horse's parent company are

meaningless absent its full, unconditional Guaranty of the Lease. Notwithstanding Caffé Nero

Americas indicated "willingness" to provide a Guaranty, no firm assurances have been provided

3

to Landlord that the parent company will be guaranteeing the Stalking Horse's obligations under the Lease. In addition, no formal, proposed Guaranty of the Lease has even been offered. The terms and conditions of any such Guaranty, if provided, and the financials of any Guarantor, are crucial to Landlord's adequate assurance evaluation. Although Caffé Nero Americas did subsequently provide a one (1) page unaudited Income Statement as of December 31, 2025, it refused to provide any other financial information including a current Profit & Loss Statement, copies of tax Returns and a balance Sheet, all of which were requested by Landlord.

9. Without additional and appropriate financial information from the parent company, a mutually agreed upon Guaranty of the Lease from the parent company, which is presumably Caffé Nero Americas, and a commitment to provide additional security such as a security deposit or letter of credit from the Stalking Horse, Landlord cannot adequately or fairly determine whether or not the Stalking Horse is capable of performing its contractual obligations under the Lease, including the full and timely payment of Debtor's current $18,769.05 monthly Rent obligation under the Lease. In addition, Debtor is currently in default of the Lease due to its failure to pay the amount of $38,846.88, which includes unpaid pre-petition and post-petition Rent owed under the Lease and is exclusive of Landlord's attorney's fees. Any assumption of the Lease will require the payment of all Rent and other Lease charges owed to Landlord under the Lease.

10. The minimal financial information provided by Debtor and Caffé Nero Americas is insufficient to satisfy Debtor's adequate assurance obligations under Section 365(b)(1)(C).

**II. The Proposed Cure Amount**

11. Although Debtor and Landlord have resolved the pre-petition cure amounts that Debtor owes under the Lease (pro-rated through the Petition Date), post-petition, administrative rent

remains due and unpaid, including the stub Rent owed for January 2026. Debtor has also not yet paid February 2026 Rent.

12.  Landlord, therefore, reserves all rights with regard to the payment of all post-petition Rent and other lease charges, including its attorney's fees, that remain unpaid and such amounts should be paid to Landlord upon any assumption of the Lease. Indeed, Landlord requests that any assumption and assignment of the Lease be conditioned upon Debtor's full and timely performance of its obligations under the Lease including, without limitation, the payment of all pre-petition and post-petition Rent and any other Lease charges that are due and owing at the time of such assumption and assignment of the Lease.

## JOINDER IN OBJECTIONS OF OTHER LANDLORDS

13.  Landlord hereby joins in the Objections to the Motion filed by any other landlords to the extent such Objections are not inconsistent with Landlord's Objections herein.

## RESERVATION OF RIGHTS

14.  Landlord reserves the right to amend, modify and/or supplement this Objection to any adequate assurance of future performance information provided by Debtor and/or Caffé Nero Americas, to the proposed cure amount, to any future proposed cure amount and/or to any sale, assignment and/or assumption of the Lease.

WHEREFORE, upon consideration of the foregoing, SV Village Operating, LLC respectfully requests that the Court enter an Order (a) requiring Debtor to provide adequate assurance of future performance as set forth in Section 365(b) of the Bankruptcy Code as a condition to any assignment of the Lease including a 3rd party Guaranty of the Lease; (b) requiring Debtor to pay all pre- and post-petition Rent and any other amounts owed under the Lease, including Landlord's attorney's fees, as a condition to any assignment of the Lease; (c) requiring

Debtor to comply with all of its Lease obligations including the full and timely payment of its

monthly Rent obligation; and (d) for such other and additional relief as the Court may deem proper

and just.

Dated: 02/11/26                                      Respectfully submitted,

                                                     **ALBERT & SCHULWOLF, LLC**

                                        By:     /s/Andrew B. Schulwolf
                                                Andrew B. Schulwolf, #446644
                                                110 North Washington Street
                                                Suite 300
                                                Rockville, Maryland 20850
                                                (301) 519-1919 (office)
                                                (301) 519-9222 (fax)
                                                andrew@albertandschulwolf.com
                                                Counsel for SV Village Operating, LLC

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that a copy of SV Village Operating, LLC's Objection was served via the
Court's CM/ECF filing system on the 11th day of February 2026 upon all persons receiving notices
via the court's CM/ECF system:

                                                /s/Andrew B. Schulwolf
                                                Andrew B. Schulwolf