AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street NW
Washington, DC 20006
(202) 887-4000 (Telephone)
(202) 887-4288 (Facsimile)
Allison T. Coffin (D.C. Bar No. 1600869)
Kevin M. Eide (D.C. Bar No. 998824)

*Counsel to People Center, Inc. (d/b/a Rippling)*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Chapter 11 |
| COMPASS COFFEE, INC. | Case No. 26-00005 (ELG) |
| Debtor. | |

**LIMITED OBJECTION TO THE DEBTOR'S MOTION FOR (A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES; (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING STALKING HORSE PROTECTIONS; (IV) SCHEDULING BID DEADLINE, AUCTION DATE, AND SALE HEARING DATE; (V) APPROVING FORM OF NOTICE THEREOF; (B) ENTRY OF AN ORDER AFTER THE SALE HEARING (I) AUTHORIZING THE DEBTOR TO SELL ITS ASSETS; AND (II) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

People Center, Inc. (d/b/a Rippling) ("Rippling"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") with respect to the *Debtor's Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (V) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtor to Sell Its Assets; and (II) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief*

[Docket No. 76] (the "Sale Motion").  In support of this Limited Objection, Rippling respectfully states as follows:

## LIMITED OBJECTION

1. On January 23, 2026, Compass Coffee, Inc. (the "Debtor") filed the *Notice of Filing of Assigned Contract List* [Docket No. 94] (the "Assigned Contract List"), pursuant to which the Debor notified certain contract counterparties of the potential assumption and assignment of their prepetition contracts in connection with the sale of the Debtor's assets.  The Assigned Contract List included a subscription agreement (the "Rippling Agreement") between the Debtor and Rippling, pursuant to which Rippling provides certain services to the Debtor, including but not limited to payroll processing, benefits administration, corporate cards and spend management.

2. On February 19, 2026, the Debtor filed the *Notice of Successful Bidder and Back-Up Bidder* [Docket. No. 190], pursuant to which the Debtor designated Caffe Nero North America, Inc. ("Caffe Nero") as the successful bidder for its assets.  Rippling understands that, in connection with the sale of the Debtor's assets to Caffe Nero, the Debtor may seek to assume the Rippling Agreement and assign such agreement to Caffe Nero.

3. Pursuant to section 365(b)(1) of title 11 of the United States Code, the Debtor must provide Rippling with adequate assurance of future performance in order to assume the Rippling Agreement and assign such agreement to Caffe Nero (or to the back-up bidder, if applicable).  While the Debtor has provided Rippling with some general adequate assurance information with respect to Caffe Nero, Rippling has requested certain additional information which it requires to adhere to compliance obligations applicable to Rippling's subsidiary providing payment services as a licensed money transmitter and required by Rippling's financial

partners.  This information is required under the Terms of Service applicable to the Rippling Agreement.  At this time, Rippling has not received responses to such requests.

4. Accordingly, while Rippling does not object to the sale of the Debtor's assets generally, Rippling objects to the assumption and assignment of the Rippling Agreement until such time as it is provided with all necessary information evidencing the ability of Caffe Nero (or the back-up bidder, if applicable) to perform under the Rippling Agreement and comply with all necessary requirements under the agreement.

## **RESERVATION OF RIGHTS**

5. This Limited Objection is submitted without prejudice to, and with a full reservation of, Rippling's rights, claims, defenses and remedies, including the right to amend, modify or supplement this Limited Objection to raise additional objections and to introduce evidence at any hearing relating to the Sale Motion, and without in any way limiting any other rights of Rippling to further respond to the Sale Motion, on any grounds, as may be appropriate.

[*Remainder of page intentionally blank*]

| | |
|---|---|
| Washington, DC<br>Dated: February 24, 2026 | Respectfully submitted,<br><br>/s/ *Allison T. Coffin*<br>Allison T. Coffin (D.C. Bar No. 1600869)<br>Kevin M. Eide (D.C. Bar No. 998824)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Tower<br>2001 K Street NW<br>Washington, DC 20006<br>Tel:  (202) 887-4000<br>Fax:  (202) 887-4288<br>Email: keide@akingump.com<br><br>*Counsel to People Center, Inc. (d/b/a Rippling)* |