IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re:<br><br>COMPASS COFFEE, LLC,<br><br>*Debtor*. | Case No.: 26-00005<br>Chapter 11 |

## TERRELL PLACE PROPERTY, LLC'S ADEQUATE ASSURANCE OBJECTION

Terrell Place Property, LLC ("Terrell Place"), by undersigned counsel, files this Adequate Assurance Objection pursuant Paragraph 15 of the Order Approving Bidding Procedures (ECF #90),[1] as modified by paragraph 10 of the Notice of Adjournment of Auction and Extension of Related Deadlines (ECF #186). As grounds for its Adequate Assurance Objection, Terrell Place states as follows:

### PROCEDURAL FACTS

1. On January 6, 2026 (the "Petition Date"), Compass Coffee, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### THE SALE MOTION

2. On January 6, 2026, the Debtor filed a Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (V) Approving Form of Notice

---

[1] The full title of the Order is "Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired leases; (III) Approving Stalking Horse protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof."

1

Thereof; (B) Entry of and Order after the Sale Hearing (I) Authorizing the Debtor to Sell its Assets (the "Sale Motion") (ECF # 76).

3. The Sale Motion disclosed that there was a Stalking Horse bid purchaser, but also contemplated that the offer and sale of some or all of the Debtor's assets "will be subject to higher or better bids in accordance with the Bidding Procedures." Sale Motion at 7, ¶ 18.

4. The relief requested in Sale Motion was eventually approved, after some revisions were made, in the Order Approving Billing Procedures. That Order set a deadline of February 6, 2026 at 4:00 p.m. for the filing of any objections to (1) the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, (2) the adequate assurance provided by the Stalking Horse Purchaser, and the proposed Cure Amounts set forth in the Cure Notice (defining such an objection as a "Contract Objection"). ECF # 90 at 12-13.

5. On January 23, 2026, the Debtor filed a Notice of Filing Assigned Contract List ("Assigned Contract Notice"). Schedule 1 to the Assigned Contract Notice lists Terrell Place as a Counter Party to a potentially assumed lease. ECF # 94-1 (second row up from the bottom of the Schedule).

6. On February 18, 2026, the Debtor filed a Notice of Adjournment of Auction and Extension of Related Deadlines (ECF #186) extending the Adequate Assurance Objection to February 25, 2026 (12:00 p.m.) for the Backup Bidder.

FACTS REGARDING TERRELL PLACE

7. Terrell Place leases space to the Debtor pursuant to a Deed of Lease dated May 28, 2015 (the "Lease") on the first floor ("Premises") of the building located at 575 7th Street and 650 F Street, N.W., Washington, D.C.

6221\0038\4911-9343-8610.v1

8.      The Lease was modified by a First Amendment dated March 9, 2016, a Second Amendment dated April 21, 2021, a Third Amendment dated February 15, 2022, a Fourth Amendment dated July 11, 2022, a Fifth Amendment dated November 14, 2022, a Sixth Amendment dated April 27, 2023, and a Seventh Amendment dated April 10, 2024 (the "Amendments").  For convenience, the Lease and the Amendments may be referred to together as the "Terrell Place Lease."

9.      Since the date the Petition was filed, the Debtor has continued its operations in the Premises and the Debtor's property has been located in the Premises.  No payments have been made to Terrell Place by the Debtor after the petition was filed.

### THE PURPORTED ADEQUATE ASSURANCE PROVIDED BY THE BACKUP BIDDER

10.      On January February 19, 2026, the Debtor's counsel sent to Terrell Place's counsel an email with purported adequate assurance materials for the Backup Bidder.  Those materials consisted of a two page letter entitled "Confidential Adequate Assurance Letter".[2]  No other adequate assurance information such as bank statements, performance history, tax returns, or financial statements was provided by the Backup Bidder.

### OBJECTIONS TO THE PURPORTED ADEQUATE ASSURANCE MATERIALS

11.      To date no financial documents of any kind have been provided by the Backup Bidder to Terrell Place, and the terms of any suitable, proposed guaranty of the Terrell Place Lease have not been disclosed or negotiated.

---

[2]   The letter is three numbered pages, but the third page is just a signature block.

12. Because brevity is the heart of good pleading, Terell Place incorporates by reference the arguments advanced in the well-articulated Objection filed by KBSIII 3003 Washington, LLC (ECF #210) (the "KBSIII Objection").[3] Like KBSIII, Terell Place:

> . . . and the Court cannot meaningfully assess whether the Back-Up Bidder has the financial wherewithal to perform its obligations over the remaining [term of the Terrell Place Lease], including payment of Base Rent and Additional Rent, and the cost of required maintenance and repairs. The generalized assurances offered by the Debtor and the Back-Up Bidder and the limited information on [a related company's] financial condition are insufficient to satisfy section 365(b)(1)(C).

KBSIII Objection at 9, ¶ 26.

13. The Confidential Adequate Assurance Letter also states that: "Next Gen Bidder is reviewing all Contracts and Leases to ensure that any agreements that are assumed by the Debtors and assigned to Next Gen Bidder reflect current market conditions." This language suggests two things to Terell Place that are concerning. First, it appears that the Next Gen Bidder has not yet reviewed the terms of the Terrell Place Lease. Second and more importantly, this text suggests that the Next Gen Bidder is not assuring Terrell Place of adequate future performance of the existing terms of the Terrell Place Lease, but is instead leaving open the possibility of trying to negotiate a lower rent under the Terrell Place Lease based upon its subjective view of "current market conditions."

## JOINDER

14. In addition to the foregoing, Terrell Place joins in the objections filed by the Debtors' other landlords to the extent that such objections are consistent with the objections of Terell Place and the relief requested by Terell Place in this Objection.

---

[3] In particular, Terrell Place incorporates paragraphs 17-26 of the KBSIII Objection.

6221\0038\4911-9343-8610.v1

## RESERVATION OF RIGHTS

15.     Terrell Place expressly reserves its right to supplement, modify, or amend this Objection and make such other and further objections to the proposed sale and related transactions, including any assumption and assignment of the Terrell Place Lease.  Nothing set forth herein shall constitute a waiver, discharge, or disallowance of any rights, claims, causes of actions, or defenses that Terrell Place has asserted or may assert against the Debtor.

WHEREFORE, Terrell Place requests that the Court should:  (i) sustain this Objection; (ii) deny, or alternatively continue, approval of the proposed assumption and assignment of the Terrell Place Lease unless and until Debtor and the Back-Up Bidder satisfy all of the requirements of 11 U.S.C. §365(b), including adequate assurance of future performance, which will likely have to include a guaranty of the Terrell Place Lease by an existing entity with sufficient financial wherewithal; (iii) require further financial disclosures from the Backup Bidder; and (iv) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated:  February 25, 2026

/s/ James D. Sadowski
James D. Sadowski, D.C. Bar No. 446635
801 17th Street, N.W., Suite 1000
Washington, D.C.  20006
Phone:  (202) 452-1400; Fax: (202) 452-1410
Emails:  jds@gdllaw.com
*Counsel for Terrell Place Property, LLC*

6221\0038\4911-9343-8610.v1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2026, a true and correct copy of the foregoing Terrell Place Property, LLC's Adequate Assurance Objection should be served electronically by a Notice of Electronic filing on all persons receiving notices via the Court's CM/ECF system.

/s/ James D. Sadowski
James D. Sadowski

6221\0038\4911-9343-8610.v1