**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**Compass Coffee, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

**NOTICE OF REMOVAL OF CIVIL ACTION**

**PLEASE TAKE NOTICE** that Compass Coffee, LLC ("**Compass**" or the "**Debtor**"), by its undersigned counsel, hereby removes to this Court the civil action, captioned *AP DC Tomato's LLC v. Michael A. Haft et. al.* No. 2025-CAB-001843 (Sup. Ct. D.C. Mar. 24, 2025) (the "**Landlord Action**") in accordance with 28 U.S.C. §§ 1334 and 1452(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9027-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "**Local Rules**"), and respectfully states as follows:

**Factual Background**

1.     On March 24, 2025, the above-captioned plaintiff (the "**Plaintiff**" or "**Landlord**") filed a complaint (the "**Complaint**") in the Landlord Action against defendants Harrison Creel Suarez ("**Suarez**") and Michael A. Haft (individually, "**Haft**" and together with Suarez, the "**Defendants**") in the Superior Court for the District of Columbia (the "**Superior Court**").

2.     In the Complaint, the Plaintiff seeks a judgment against the Defendants on their guaranties for alleged breaches of the commercial lease agreement between Compass and the

Landlord (as amended, the "*Lease*") for the leased premises Compass previously occupied at 1401 Okie Street, NE, Washington, D.C. (the "*Leased Premises*").

3. On May 27, 2025, Compass and Haft (together, the "*Counterclaim Plaintiffs*") filed a counterclaim against the Landlord. On June 20, 2025, the Counterclaim Plaintiffs filed an amended counterclaim (the "*Amended Counterclaim*"). The Amended Counterclaim alleges that the Landlord (1) materially breached the Lease by failing to complete required repair and maintenance work under the Lease, which the Landlord expressly agreed to undertake in a Third Amendment to the Lease, leading to disruptive and continuing water infiltration issues and an inability to use loading dock facilities, among other failures; and (2) also breached the implied covenant of good faith and fair dealing. The Amended Counterclaim seeks (1) compensatory damages, restitution, interest, fees and costs; (2) declaratory judgment that the Landlord is in breach of the Lease and must complete necessary repairs and maintenance within a reasonable time; (3) declaratory judgment that the Counterclaim Plaintiffs are not in default under the Lease and are relieved of any obligation to pay rent while the Landlord is in breach; and (4) other relief that is just and proper.

4. On July 21, 2025, Suarez filed a crossclaim against Compass seeking indemnification from Compass for liabilities arising from the Landlord Action (the "*Suarez Crossclaim*"). That same day, Suarez filed a counterclaim against the Landlord alleging substantially similar allegations as the Amended Counterclaim (the "*Suarez Counterclaim*").

5. Following the commencement of the above captioned bankruptcy case (this "*Bankruptcy Case*"), on January 6, 2026, Compass filed a suggestion of bankruptcy in the Landlord Action. On January 7, 2026, the Superior Court entered an order staying the Landlord Action as to Compass pending the resolution of the Bankruptcy Case.

6.   In sum, the Landlord Action consists of: (1) the Complaint; (2) the Amended Counterclaim; (3) the Suarez Crossclaim; and (4) the Suarez Counterclaim.

**Statement Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)**

7.   On January 6, 2026 (the "*Petition Date*"), the Debtor commenced this Bankruptcy Case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), by filing a voluntary petition in this Court (the "*Bankruptcy Court*").

8.   To date, the Landlord has not filed a proof of claim in this Bankruptcy Case, although the Landlord is a member of the Official Committee of Unsecured Creditors and otherwise has participated in these bankruptcy proceedings as a purported creditor of the Debtor.

9.   Under 28 U.S.C. § 1452(a), a party may remove any civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Jurisdiction exists under section 1334 over "all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b). The Debtor is a "party" to the Landlord Action within the meaning of section 1452(a). In accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1, such removed actions are referred to the Bankruptcy Court, unless otherwise ordered.

10.  The outcome of the Landlord Action likely will have a material impact on the administration of the Debtor's estate. The Landlord asserts that it holds the largest unsecured claim in this Bankruptcy Case. The Debtor disputes that any amount is owed, as set forth in the Amended Counterclaim, on the basis that the Landlord failed to perform its obligations under the Lease and that the Debtor is not in default. The allegations and defenses in the Landlord Action will need to be adjudicated in connection with the treatment of the Landlord's claim in the Bankruptcy Case. The Court can provide an ideal forum for resolving all claims related to the Complaint, including the Amended Counterclaim, Suarez Crossclaim, Suarez Counterclaim, and any claims the

Landlord may subsequently seek to assert against the Debtor's estate. A timely resolution of the Landlord Action will support the orderly administration of the estate, facilitate resolution of claims, and benefit not only the Debtor and the Landlord, but also other holders of unsecured claims whose ultimate recoveries depend in part on the outcome of the Landlord Action.

11. In addition, the Landlord Action includes claims against guarantors of the Lease. As alleged in the Suarez Crossclaim, there are potential indemnification claims against the Debtor's estate by the guarantor Defendants if they are liable for any liability Compass may have to the Landlord. Any such indemnification claims could further reduce the amount available for distribution to unsecured creditors.

12. The resolution of the Landlord Action—including all associated claims, counterclaims, and crossclaims—may directly affect the projected distribution to unsecured creditors and the overall administration of the estate in this Bankruptcy Case.

## Conclusion

13. This Notice of Removal includes a "short and plain statement of the facts" that entitle the Debtor to remove the action to this Court, in accordance with Bankruptcy Rule 9027(a)(1)(A), and the Debtor reserves the right to amend or supplement this Notice of Removal with additional evidence and arguments for that purpose.

14. The Debtor consents to the Bankruptcy Court's entry of final orders or judgments in the Landlord Action upon removal, as set forth in Bankruptcy Rule 9027(a)(1)(B).

15. Attached hereto as Exhibit 1 is a copy of the Landlord Action docket report, and as Exhibit 2 is an index of all process and pleadings filed in the Landlord Action. Attached hereto as Exhibit 3 is a copy of all process and pleadings filed in the Landlord Action, as required by Bankruptcy Rule 9027(a)(1)(C).

16.     Pursuant to Bankruptcy Rule 9027(b) and (c), promptly after filing this Notice of Removal, the Debtor will file a copy of this Notice of Removal with the Clerk of the Superior Court, and will serve the parties to the Landlord Action.

WHEREFORE, the Debtor requests that (1) the Landlord Action be removed to this Bankruptcy Court, and (2) the Bankruptcy Court grant such other or further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

Dated: March 12, 2026

Respectfully submitted,

/s/ *Jennifer E. Wuebker*
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:        tpbrown@hunton.com
              jwuebker@hunton.com
              nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*