**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: <br><br> **Compass Coffee, LLC,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 26-00005 (ELG) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO SELL THE SIMPLE SYRUP BUSINESS LINE ASSETS AND REMAINING IP ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), authorizing the sale of the Debtor's Simple Syrup Business Line Assets and Remaining IP Assets (each as defined below, and collectively, the "***Remaining Assets***") free and clear of liens, claims, and encumbrances. In support thereof, the Debtor respectfully represents as follows:

### I. Local Rule 6004-1 Statement

| **Description of Property to be Sold** <br><br> **LR 6004-1(a)(1).** | The Remaining Assets are identified on Schedule 1A and Schedule 1B to the Proposed Order attached hereto as Exhibit A. The Remaining Assets are comprised of (1) the Simple Syrup Business Line Assets, which are the assets previously used by the Debtor to manufacture its custom simple syrups, including all inventory related thereto, and (2) the Remaining IP Assets, which are the trademarks and domain names excluded from the sale to Caffe Nero. |
|---|---|

| | |
|---|---|
| **Purchaser and Relationship to the Debtor**<br><br>LR 6004(a)(3) & (4). | Union Kitchen LLC ("*Union Kitchen*"), a trade vendor of the Debtor, or another purchaser who submits a higher and better offer. |
| **Purchase Price and Contingencies**<br><br>LR 6004-1(a)(5) & (9). | $10,000.00 cash, payable upon entry of an order granting the Motion and subject to definitive documentation.<br><br>(The purchase price is $5,000 for each of the Simple Syrup Business Line Assets and the Remaining IP Assets.) |
| **Liens, Claims, and Encumbrances**<br><br>LR 6004-1(a)(6). | The Debtor does not believe the Remaining Assets are subject to any liens, claims, or encumbrances. For the avoidance of doubt, the Debtor requests authority to sell the Remaining Assets free and clear of any liens, claims, or encumbrances pursuant to section 363(f). |
| **Marketing Efforts**<br><br>LR 6004-1(a)(2), (7), & (8). | The Remaining Assets were marketed for sale in conjunction with all of the Debtor's assets pursuant to the bidding procedures approved by the Court [Docket No. 90]. The Debtor received a non-binding letter of intent from Union Kitchen to purchase each of the Simple Syrup Business Line Assets and the Remaining IP Assets. The Debtor received no other offers to purchase the Remaining Assets. The Debtor further contacted a third party broker regarding the value of the Remaining Assets and was advised that it did not believe it could obtain a higher or better offer for the assets than the offer from Union Kitchen. Further, the Union Kitchen offer remains subject to higher and better offers. |
| **Fees and taxes**<br><br>LR 6004-1(a)(10) & (12). | The Debtor does not anticipate incurring material fees or taxes in connection with the sale of the Remaining Assets. |

## II.     Jurisdiction, Venue, and Predicates for Relief

1.     The United States Bankruptcy Court for the District of Columbia (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2.     The predicates for the relief requested herein are sections 105(a) and 363(b) and (f) of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "***Local Rules***").

2

## III. Background

### A. The Chapter 11 Case

3. On January 6, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court initiating the above-captioned case (the "**Case**"). On March 6, 2026, the Debtor sold substantially all of its assets to Caffe Nero North America, Inc. ("**Caffe Nero**"), and ceased all business operations as of that date.

4. On January 23, 2026, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors [Docket No. 91] (the "**Committee**"). No request for the appointment of a trustee or an examiner has been made.

5. On January 23, 2026, the Court entered the *Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof* [Docket No. 90] (the "**Bidding Procedures Order**"). Pursuant to the Bidding Procedures Order, the Debtor marketed for sale all of its assets, including its intellectual property. As set forth in greater detail in the *Declaration of Michael Haft in Support of Sale* [Docket No. 220], the Debtor received multiple offers to purchase substantially all of the assets related to operating its café locations, including related intellectual property. The Debtor conducted an auction and ultimately selected Caffe Nero as the successful bidder. After a sale hearing on February 26, 2026, the Court entered an order on February 27, 2026 [Docket No. 245] (the "**Sale Order**") approving the sale of substantially all of the Debtor's assets to Caffe Nero.[1] The Debtor closed on its sale to Caffe Nero on March 6, 2026.

---

[1] On March 3, 2026, the Court entered a corrective sale order [Docket No. 256], which added a paragraph that was inadvertently omitted from the Sale Order entered at docket number 245.

6. There are a few assets remaining after the sale to Caffe Nero. Those assets fall primarily into two categories:

- <u>Simple Syrup Business Line Assets</u>: Caffe Nero did not purchase the equipment related to the Debtor's simple syrup business line. The Debtor received no offers (other than the offer from Union Kitchen) to purchase the simple syrup equipment. This equipment is set forth on Schedule 1A to the Proposed Order, and includes pumps, mixers, bottle fillers and cappers, labelers, printers, and other equipment used to manufacture and bottle simple syrups. The Debtor also still possesses some inventory related to its simple syrup line of business, including syrups and flavors. The Debtor proposes to sell all of the remaining assets and inventory related to the simple syrup line of business (the "**Simple Syrup Business Line Assets**").

- <u>Remaining IP Assets</u>: Caffe Nero did not purchase certain of the trademarks and domain names owned by the Debtor. The Debtor received no offers (other than the offer from Union Kitchen) to purchase this intellectual property. This intellectual property is set forth on Schedule 1B to the Proposed Order, and includes trademarks and domain names unrelated to the Compass Coffee brand. The Debtor proposes to sell all of the remaining trademarks and domain names (the "**Remaining IP Assets**").

7. In connection with the Debtor's sale process pursuant to the Bidding Procedures Order, on or about February 10, 2026, the Debtor received two letters of intent from Union Kitchen: one letter of intent to purchase assets related to the simple syrup line of business for $5,000, and one letter of intent to purchase the certain intellectual property unrelated to the Compass Coffee brand for $5,000, for total cash consideration of $10,000 (the "**Consideration**"). The offer from Union Kitchen is on an "as-is, where is" basis.

8. The Debtor did not immediately execute the letters of intent with Union Kitchen because, in the Debtor's sound business judgment, it believed it made more sense to allow the auction process to unfold and to see what, if any, assets remained after a sale and what, if any, other offers it received for such assets. Ultimately, as set forth above, the Debtor sold substantially all of its assets to Caffe Nero. Each of the Remaining Assets is identified as an Excluded Asset in the Asset Purchase Agreement with Caffe Nero, and therefore remains an asset of the estate.

4

9. The Debtor received no other offers for the Remaining Assets.

10. The Debtor undertook efforts to market the Remaining Assets and to determine whether the Consideration offered by Union Kitchen was reasonable in light of the condition of the assets and the Debtor's desire to expeditiously sell them.

11. The Debtor previously reached out to a broker with Sedo.com, which specializes in listing and selling domain names. The Debtor shared a list of domain names with the broker. The broker indicated that the domain names were not valuable to sell.

12. As of the date of filing this Motion, the Debtor has no other offers to purchase any of the Remaining Assets. The Debtor believes, in an exercise of its sound business judgment, that the Consideration offered by Union Kitchen, as well as the timeline in which it believes it could close a sale to Union Kitchen, make its offer the current highest and best offer for the Remaining Assets. Prior to the hearing on the Motion, the Debtor will accept and consider additional offers to purchase the Remaining Assets, and in accordance with its duties to the estate, will seek approval of the highest and best offer as determined in its reasonable business judgment.

## IV. Relief Requested

13. By this Motion, the Debtor requests authority to sell the Remaining Assets free and clear of liens, claims, and encumbrances, if any.

## V. Basis for Relief

**A.  The Court Should Authorize the Sale of the Remaining Assets Free and Clear of All Liens, Claims, and Encumbrances Pursuant to Sections 363(b) and (f)**

   *i.  Selling the Remaining Assets for the Consideration is a Reasonable Exercise of the Debtor's Business Judgment*

14. Bankruptcy Code section 363(b)(1) provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve the use, sale or lease of property outside the ordinary

5

course of business, this Court need only determine that the Debtor's decision is supported by "some articulated business justification." *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2nd Cir. 1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *see also*, *Fulton State Bank* v. *Schipper,* 933 F.2d 513, 515 (7th Cir. 1991).

15. The business judgment rule shields a debtor's management from judicial second-guessing. *See In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of Bankruptcy Code.

16. When applying the business judgment standard, courts show great deference to a debtor's business decisions. *See GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005); *In re First Wellington Canyon Assocs.*, 1989 U.S. Dist. LEXIS 10687, at *8-9 (N.D. Ill. Sep. 8, 1989) ("Under this test, the debtor's business judgment . . . must be accorded deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion."); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that judicial approval of a § 363 sale requires a showing that the proposed sale is fair and equitable, a good business reason exists for completing the sale and that the transaction is in good faith).

17. The Debtor respectfully submits that the proposed sale of the Remaining Assets to Union Kitchen fits squarely within the parameters of the sound business judgment test. Rather than incurring the cost, both in time and in money, associated with moving, storing, and otherwise maintaining the Remaining Assets, the Debtor has determined in its reasonable business judgment that selling such assets to Union Kitchen is the most efficient way to maximize their value. Selling the Remaining Assets through a third-party broker would require the Debtor to incur significant packaging and shipping expense, whereas the Union Kitchen offer is on an "as-is, where-is" basis. The value to the estate would also be decreased by whatever fee the Debtor agreed to pay to any third-party broker. Additionally, Union Kitchen is positioned to close the purchase of the Remaining Assets promptly after entry of an order approving such sale, allowing the Debtor to efficiently liquidate the Remaining Assets for the benefit of its estate. Effectuating the sale through a third-party broker will take longer, be more expensive, and could delay the Debtor's winddown and ultimate resolution of this Case.

18. The Debtor also consulted with a third-party broker regarding the potential value of the Remaining IP Assets. As set forth above, the broker advised the Debtor that it did not believe it would be able to obtain a higher or better offer for the Remaining IP Assets. The Debtor therefore determined in its reasonable business judgment that proceeding with the sale of the Remaining IP Assets to Union Kitchen for $5,000 was the most efficient and profitable way to liquidate and otherwise monetize the Remaining IP Assets for the benefit of its estate.

19. As described above, prior to the hearing on this Motion, the Debtor will continue to accept and evaluate offers to purchase the Remaining Assets consistent with its duties to the estate. To the extent the Debtor determines, in its reasonable business judgment, that another offer is higher and better than that of Union Kitchen, the Debtor will seek approval of such offer.

        *ii.*      *The Sale of the Remaining Assets Should be Free and Clear of All Liens, Claims, and Encumbrances*

20. As described above, the Debtor paid all of its secured lenders in full from the proceeds of the sale to Caffe Nero such that it does not believe the Remaining Assets are subject to any liens, claims, or encumbrances. However, for the avoidance of doubt, the Debtor requests authority to sell the Remaining Assets free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

21. Bankruptcy Code section 363(f) authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if:

    (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interests;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by Bankruptcy Code section 105(a), which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

22. Because Bankruptcy Code section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Remaining Assets free and clear of the interests. *In re Nature Leisure Times, LLC*, 2007 WL 4554276, *3 (Bankr. E.D. Tex. Dec. 19, 2007) ("The language of § 363(f) is in the disjunctive such that a sale free and clear of an interest can be approved if any one of the aforementioned conditions contained in § 363(f) are

8

satisfied."); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (stating that Bankruptcy Code section 363(f) is written in the disjunctive; holding that the court may approve the sale 'free and clear' provided at least one of the subsections of section 363(f) is met).

23. The Debtor believes that, to the extent the Remaining Assets are encumbered, one or more of the tests under section 363(f) will be satisfied with respect to the sale and transfer of such assets. In particular, to the extent necessary and applicable, the Debtor believes that sections 363(f)(2), (3), and/or (5) are likely to be satisfied.

24. Based on the above, the sale of the Remaining Assets free and clear of all liens, claims, encumbrances and other interests, if any, is appropriate and should be approved.

### VI.    Request for Waiver of Stay and Necessity for Immediate Relief

25. To implement the foregoing successfully, the Debtor requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

### VII.    Notice

26. The Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) all known secured creditors of the Debtor; (iii) the Committee; (iv) counsel for the Committee; (v) Union Kitchen; and (vi) those parties who receive NextGen CM/ECF notifications.

[*Remainder of Page Intentionally Left Blank*]

9

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: March 12, 2026
Richmond, Virginia

        Respectfully submitted,

        /s/ *Nicholas S. Monico*
        Tyler P. Brown (admitted *pro hac vice*)
        Jennifer E. Wuebker (D.C. Bar No. 1035039)
        Nicholas S. Monico (admitted *pro hac vice*)
        **HUNTON ANDREWS KURTH LLP**
        951 E. Byrd Street
        Richmond, Virginia 23219
        Telephone:   (804) 788-8200
        Facsimile:    (804) 788-8218
        Email:         tpbrown@hunton.com
                        jwuebker@hunton.com
                        nmonico@hunton.com

        *Counsel for the Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| | **Case No. 26-00005 (ELG)** |
| **Debtor.** | |

## ORDER AUTHORIZING THE DEBTOR TO SELL THE SIMPLE SYRUP BUSINESS LINE ASSETS AND REMAINING IP ASSETS <u>FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES</u>

Upon consideration of the *Debtor's Motion For Entry of an Order Authorizing the Debtor to Sell the Simple Syrup Business Line Assets and Remaining IP Assets Free and Clear of All Liens, Claims, and Encumbrances* [Docket No. __] (the "***Motion***")[2] filed by the above-captioned debtor

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

Document    Page 12 of 20

and debtor in possession (the "**Debtor**") pursuant to sections 105(a) and 363(b) and (f) of the Bankruptcy Code, rule 6004 of the Bankruptcy Rules, and rule 6004-1 of the Local Rules, seeking entry of an order (this "**Order**") authorizing the sale of the Debtor's Remaining Assets, free and clear of liens, claims, and encumbrances; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; the Court having convened a hearing on the Motion on March 26, 2026 (the "**Hearing**"); all objections, if any, to the Motion having been resolved, withdrawn or overruled on the merits; upon the record of the Hearing; the Consideration for the Remaining Assets being good and valuable consideration and there being no other consideration offered; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is immediately authorized and empowered to sell and transfer all of the Debtor's right, title and interest in and to the Remaining Assets to Union Kitchen LLC in accordance with the terms of this Order and any asset purchase agreement ("**APA**") (including any ancillary documents) entered into by the parties, and such sale and transfer shall (i) constitute a legal, valid, binding, and effective transfer of the Remaining Assets, (ii) subject to any terms of any APA, upon the Debtor's receipt of the Consideration, vest Union Kitchen with all right, title and interest of the Debtor to the Remaining Assets free and clear of all liens, claims, and encumbrances, if any, pursuant to section 363(f) of the Bankruptcy Code, and (iii) constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

3. The Debtor is authorized and empowered to execute the APA, if any, and any documents contemplated thereby to effectuate the transfers authorized by this Order.

4. Upon Closing, any and all interests in the Remaining Assets existing immediately prior to the transfer thereof, shall attach to the proceeds of the sale with the same validity, extent, enforceability, priority, and force and effect as they had against the Remaining Assets or their proceeds as of the Petition Date, subject to any rights, claims and defenses the Debtor or any other party in interest may possess with respect thereto. All holders of interests in or on the Remaining Assets are adequately protected by having their interests attach to the proceeds of the sale.

5. The Debtor and its officers, directors, employees, managers, members, and agents are authorized to execute and deliver and are empowered to perform under, consummate, and implement the transactions contemplated by any APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions contemplated by such APA, and to take all further actions as may be reasonably requested by Union Kitchen or otherwise required under such APA without further order of this Court.

6. The terms and provisions of this Order and the terms and provisions of any related APA and any actions taken pursuant hereto or thereto as of the date of the entry of this Order shall survive the entry of any order that may be entered, including, without limitation, converting this Chapter 11 Case from Chapter 11 to Chapter 7 or dismissing the Chapter 11 Case, and the terms and provisions of the APA as well as the rights and interests granted pursuant to this Order and the APA shall continue in this or any superseding case and shall be binding on all parties.

7. This Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, including interpretation of any APA.

9. This Sale Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules, including the stay imposed by Bankruptcy Rule 6004(h).

10. The Debtor is directed to serve a copy this Order on the same parties that were provided notice of the Motion and file a proof of service within three (3) days of entry of this Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/
_____
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:      (804) 788-8218
Email:            tpbrown@hunton.com
                      jwuebker@hunton.com
                      nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

## Schedule 1A

**Simple Syrup Business Line Assets**

| Asset | Asset Type | Manufacturer | MPN | Serial Number | Acquisition Date | In-Service Date |
|---|---|---|---|---|---|---|
| Water Heater | Cafe Equipment | Stiebel Eltron | 480v - 27KW | 17187 | 2022/11/01 | 2022/11/01 |
| Simple Syrups Equipment - Tilt Skillet | Production Equipment | Cleveland | SGL-40-T1 | WT9083-04L-01 | 2020/09/23 | 2020/09/23 |
| Simple Syrups Equipment - Tank - 550 gal | Production Equipment | Custom Metalcraft | 516118 | 81810-7 | 2020/04/14 | 2020/04/14 |
| Simple Syrups Equipment - Tank - 150 gal | Production Equipment | Stout | | N/a | 2017/04/13 | 2017/04/13 |
| Simple Syrups Equipment - Tank - 100 gal | Production Equipment | Stout | | N/a | 2017/04/17 | 2017/04/17 |
| Simple Syrups Equipment - Shear Mixer - Inline | Production Equipment | Alfa Laval | HPM - 15M | 50190 | 2020/04/15 | 2020/04/15 |
| Simple Syrups Equipment - Shear Mixer - Benchtop | R&D / QA Equipment | Silverson | L5E | 37954 | 2020/04/14 | 2020/04/14 |
| Simple Syrups Equipment - Pump - 110v - 1 1/2 Tri-clamp | Production Equipment | CPE | C+114MD | | 2017/05/01 | 2017/05/01 |
| Simple Syrups Equipment - Pump - 110v - 1 1/2 Tri-clamp | Production Equipment | CPE | C+114MD | | 2017/11/03 | 2017/11/03 |
| Simple Syrups Equipment - Heat Exchanger - 2 Tri-clamp | Production Equipment | Alleghany Bradford Corporation | USP Water Heater | 4839-2-1 | 2019/05/16 | 2019/05/16 |
| Simple Syrups Brewing Equipment | Production Equipment | | | | 2020/04/01 | 2020/04/01 |
| Refrigerator - Reach-in | Cafe Equipment | TRUE | T-19G-LD | 8840573 | 2023/03/01 | 2023/03/01 |
| Packaging Equipment - Labeler - Dual Sided | Packaging Equipment | Accutek | | A-17205433 | 2020/04/13 | 2020/04/13 |
| Packaging Equipment - Industrial Printer - Continuous Inkjet | Packaging Equipment | Keyence | MK-G1000 | 129G100746011A3A | 2023/02/24 | 2023/02/24 |
| Packaging Equipment - Conveyor - 4.5 Width - 7' | Packaging Equipment | Accutek | | A-17L07-3629 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Conveyor - 4.5 Width - 15' | Packaging Equipment | Accutek | | A-17L07-3893 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Conveyor - 4.5 Width - 10' | Packaging Equipment | Accutek | | A-17L07-3891 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Conveyor - 4.5 Width - 10' | Packaging Equipment | Accutek | | A-17L07-3647 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Bottle Uprighter | Packaging Equipment | Accutek | 50-B0A-000 | A-17205425 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Bottle Rinser | Packaging Equipment | Accutek | 50-BR1-L02 | A-17206281 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Bottle Filler - 4 Head | Packaging Equipment | Accutek | 02-508-000 | A-17206280 | 2020/02/27 | 2020/02/27 |
| Packaging Equipment - Bottle Capper - Spindle | Packaging Equipment | Accutek | 22-5000-000 | A-17205424 | 2020/04/09 | 2020/04/09 |
| Packaging Equipment - Accumulation Table - 4' | Packaging Equipment | Accutek | | A-17L07-3622 | 2020/04/09 | 2020/04/09 |
| Dishwasher | Cafe Equipment | ADS | ET-AF-M | 25620 | 2022/10/01 | 2022/10/01 |
| Bottling Line | Packaging Equipment | Accutek | | | 2020/08/01 | 2020/08/01 |

**Schedule 1B**

**Remaining IP Assets**

| Compass Coffee, LLC - Trademarks | | | | | | | |
|---|---|---|---|---|---|---|---|
| Case Ref. | Owner | Mark | Image | Country | Registration No. | Registration Date | International Classes |
| 137194-589770.WO | Compass Coffee, LLC | BITCOIN BLEND | | Madrid Protocol (TM) | 1776723 | Feb-22-2024 | 30 |
| 137194-581361.WO | Compass Coffee, LLC | REAL GOOD COFFEE (Stylized) | | Madrid Protocol (TM) | 1742084 | Jun-23-2023 | 21, 30, 43 |
| 137194-589770.MX | Compass Coffee, LLC | BITCOIN BLEND (IR 1776723) | | Mexico | 2848261 | Apr-09-2025 | 30 |
| 137194-589770.KR | Compass Coffee, LLC | BITCOIN BLEND (IR 1776723) | | Republic of Korea | 1776723 | Apr-14-2025 | 30 |
| 137194-589770.GB | Compass Coffee, LLC | BITCOIN BLEND (IR 1776723) | | United Kingdom | WO0000001776723 | Jul-16-2024 | 30 |
| 137194-583187 | Compass Coffee, LLC | BITCOIN BLEND | | United States of America | 7782153 | May-06-2025 | 30 |
| 137194-589770.EU | Compass Coffee, LLC | BITCOIN BLEND (IR 1776723) | | European Community | W01776723 | Feb-22-2024 | 30 |
| 137194-420892 | Compass Coffee, LLC | CROWN TEA and Design | | United States of America | 5444946 | Apr-10-2018 | 30 |
| 137194-517416 | Compass Coffee, LLC | EAST ASIA AMERICAS AFRICA EARTHY & HERBAL CHOCOLATEY & NUTTY VIBRANT & FRUITY LIGHT EASTING STRAWBERRY, SMOOTH, CREAMY, 7TH STREET, VANILLA, CARAMEL, ALMONDS, HORIZON, BRIGHT, BERRY-LIKE, SWEET (and other words) and Design | | United States of America | 6198700 | Nov-17-2020 | 30 |
| 137194-561855 | Compass Coffee, LLC | REAL GOOD COFFEE | | United States of America | 3568755 | Jan-27-2009 | 21, 30 |
| 137194-573751 | Compass Coffee, LLC | REAL GOOD COFFEE (Stylized) | | United States of America | 7218762 | Nov-14-2023 | 21, 30, 43 |
| 137194-521058 | Compass Coffee, LLC | SIMPLE SANITIZER | | United States of America | 7674538 | Feb-04-2025 | 05 |
| 137194-420896 | Compass Coffee, LLC | SIMPLE SYRUPS and Design | | United States of America | 5346418 | Nov-28-2017 | 30 |
| 137194-549712 | Compass Coffee, LLC | WAYPOINT | | United States of America | 6971241 | Feb-07-2023 | 30 |

| Compass Coffee, LLC - Domain Names | | | | | | | |
|---|---|---|---|---|---|---|---|
| Domain Name | TLD | Create Date | Ownership Date | Expiration Date | Status | Nameservers | Privacy |
| 7THSTREETBAKERY.COM | .COM | 4/8/2014 | 4/9/2014 | 4/8/2026 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | On |
| 7THSTREETBAKING.COM | .COM | 4/8/2014 | 4/9/2014 | 4/8/2026 | Active | NS1.BLUEHOST.COM NS2.BLUEHOST.COM | On |
| allthesnax.com | .COM | 5/21/2018 | 5/21/2018 | 5/21/2026 | Active | ns59.domaincontrol.com ns60.domaincontrol.com | On |
| americadeservesbettercoffee.com | .COM | 9/24/2015 | 9/24/2015 | 9/24/1930 | Active | ns21.domaincontrol.com ns22.domaincontrol.com | On |
| andypizza.com | .COM | 2/11/2017 | 2/11/2017 | 2/11/2027 | Active | ns45.domaincontrol.com ns46.domaincontrol.com | On |
| bitcoincoffee.com | .COM | 10/4/2012 | 4/7/2022 | 10/4/2026 | Active | ns03.domaincontrol.com ns04.domaincontrol.com | On |
| BUILDYOURCITY.ORG | .ORG | 2/13/2015 | 2/13/2015 | 2/13/1930 | Active | ns13.domaincontrol.com ns14.domaincontrol.com | On |
| coffee.university | .UNIVERSITY | 2/4/2016 | 2/4/2016 | 2/4/2026 | Active | ns53.domaincontrol.com ns54.domaincontrol.com | On |
| cpghaven.com | .COM | 5/30/2016 | 5/30/2016 | 5/30/2026 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | On |
| cpginabox.com | .COM | 5/30/2016 | 5/30/2016 | 5/30/2026 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | On |
| crowntea.com | .COM | 4/26/2006 | 10/20/2016 | 4/26/2026 | Active | ns11.domaincontrol.com ns12.domaincontrol.com | On |
| districtcertified.us | .US | 11/25/2015 | 11/25/2015 | 11/24/1930 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | - |
| districtcrafted.com | .COM | 11/25/2015 | 11/25/2015 | 11/25/1930 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | On |
| DISTRICTCRAFTED.ORG | .ORG | 10/12/2014 | 10/12/2014 | 10/12/2029 | Active | ns01.domaincontrol.com ns02.domaincontrol.com | On |
| districtcrafted.us | .US | 11/25/2015 | 11/25/2015 | 11/24/1930 | Active | ns29.domaincontrol.com ns30.domaincontrol.com | - |
| hirschvaldez.com | .COM | 3/26/2018 | 3/26/2018 | 3/26/2026 | Active | ns49.domaincontrol.com ns50.domaincontrol.com | On |

| Domain | TLD | Created | Updated | Expires | Status | Nameservers | Lock |
|---|---|---|---|---|---|---|---|
| insistonsnacks.com | .COM | 3/31/2018 | 3/31/2018 | 3/31/2026 | Active | ns71.domaincontrol.com ns72.domaincontrol.com | On |
| insistonsnax.com | .COM | 3/31/2018 | 3/31/2018 | 3/31/2026 | Active | ns71.domaincontrol.com ns72.domaincontrol.com | On |
| jenisandcry.com | .COM | 4/11/2018 | 4/11/2018 | 4/11/2026 | Active | ns59.domaincontrol.com ns60.domaincontrol.com | On |
| jprachmaninoff.com | .COM | 11/9/2023 | 11/9/2023 | 11/9/2026 | Active | ns45.domaincontrol.com ns46.domaincontrol.com | On |
| justmyles.com | .COM | 3/18/2018 | 3/18/2018 | 3/18/2026 | Active | ns59.domaincontrol.com ns60.domaincontrol.com | On |
| makeamericanosgreatagain.com | .COM | 7/19/2023 | 7/19/2023 | 7/19/2028 | Active | ns11.domaincontrol.com ns12.domaincontrol.com | On |
| makeamericanosgreatagain.org | .ORG | 7/19/2023 | 7/19/2023 | 7/19/2028 | Active | ns75.domaincontrol.com ns76.domaincontrol.com | On |
| moresnack.com | .COM | 7/20/2017 | 7/21/2017 | 7/20/2027 | Active | ns37.domaincontrol.com ns38.domaincontrol.com | On |
| moresnak.com | .COM | 7/20/2017 | 7/21/2017 | 7/20/2027 | Active | ns37.domaincontrol.com ns38.domaincontrol.com | On |
| morsnak.com | .COM | 7/20/2017 | 7/21/2017 | 7/20/2027 | Active | ns37.domaincontrol.com ns38.domaincontrol.com | On |
| paleoblend.com | .COM | 4/12/2012 | 4/11/2016 | 4/12/2026 | Active | NS1.DREAMHOST.COM NS2.DREAMHOST.COM NS3.DREAMHOST.COM | On |
| perfectcoffeeathome.com | .COM | 3/11/2013 | 7/19/2023 | 7/25/1933 | Active | ns71.domaincontrol.com ns72.domaincontrol.com | On |
| PERFECTCUPATHOME.COM | .COM | 10/6/2013 | 10/6/2013 | 10/6/2026 | Active | ns65.domaincontrol.com ns66.domaincontrol.com | On |
| phenomenalsauces.com | .COM | 10/2/2015 | 10/2/2015 | 10/2/1930 | Active | ns01.domaincontrol.com ns02.domaincontrol.com | On |
| phenomenalsyrups.com | .COM | 10/2/2015 | 10/2/2015 | 10/2/1930 | Active | ns01.domaincontrol.com ns02.domaincontrol.com | On |
| REALGOODCOFFEE.COM | .COM | 11/15/2012 | 10/22/2014 | 11/15/1933 | Active | NS73.DOMAINCONTROL.COM NS74.DOMAINCONTROL.COM | On |
| realgoodflavors.com | .COM | 8/27/2016 | 8/27/2016 | 8/27/2026 | Active | ns77.domaincontrol.com ns78.domaincontrol.com | On |
| realgoodsauces.com | .COM | 10/2/2015 | 10/2/2015 | 10/2/1930 | Active | ns01.domaincontrol.com ns02.domaincontrol.com | On |
| realgoodsyrups.com | .COM | 10/2/2015 | 10/2/2015 | 10/2/1930 | Active | ns01.domaincontrol.com ns02.domaincontrol.com | On |
| rockcreekwater.com | .COM | 3/18/2018 | 3/18/2018 | 3/18/2026 | Active | ns59.domaincontrol.com ns60.domaincontrol.com | On |
| simplesyrups.com | .COM | 4/13/2008 | 10/20/2016 | 4/13/2026 | Active | ns05.domaincontrol.com ns06.domaincontrol.com | On |
| THEMERMAIDLIES.COM | .COM | 1/5/2015 | 1/5/2015 | 1/5/2028 | Active | ns51.domaincontrol.com ns52.domaincontrol.com | On |
| thewholeline.com | .COM | 3/23/2018 | 3/23/2018 | 3/23/2026 | Active | ns59.domaincontrol.com ns60.domaincontrol.com | On |
| WYDOWNCOFFEE.COM | .COM | 6/3/2015 | 6/3/2015 | 6/3/1930 | Active | ns07.domaincontrol.com ns08.domaincontrol.com | On |
| WYDOWNCOFFEEROASTERS.COM | .COM | 6/3/2015 | 6/3/2015 | 6/3/1930 | Active | ns07.domaincontrol.com ns08.domaincontrol.com | On |