**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| **Debtor.** | **Case No. 26-00005 (ELG)** |

### NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Compass Coffee, LLC ("***Compass***" or the "***Debtor***"), by its undersigned counsel, hereby removes to this Court the civil action, captioned *Jemal's Pappas Tomato's LLC v. Compass Coffee et al.* No. 2025-CAB-005667 (Sup. Ct. D.C. Aug. 25, 2025) (the "***JPT Action***") in accordance with 28 U.S.C. §§ 1334 and 1452(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rule 9027-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "***Local Rules***"), and respectfully states as follows:

### Factual Background

1. On August 25, 2025, the above-captioned plaintiff (the "***Plaintiff***" or "***JPT***") filed a complaint (the "***Complaint***") in the JPT Action against defendants Compass, Michael A. Haft ("***Haft***") and Harrison Creel Suarez ("***Suarez***") (collectively, the "***Defendants***") in the Superior Court for the District of Columbia (the "***Superior Court***").

2. In the Complaint, the Plaintiff seeks a judgment against Compass in the amount of $302,228.35 from Compass, plus reasonable attorney's fees, pre-judgment interest, post-judgment

interest at the legal rate, and costs, for alleged unpaid amounts due under the commercial lease agreement between Compass and JPT (as amended, the "***JPT Lease***") for the leased premises Compass previously occupied at 1401 Okie Street, NE, Washington, D.C. (the "***Leased Premises***").  The Complaint also seeks a judgment against Haft and Suarez on their guaranties for the alleged breaches of the JPT Lease.

3.      The JPT Action involves the same underlying lease and guaranties that are at issue in the landlord action that was removed to this Court on March 12, 2026 (the "Landlord Action") [Docket No. 236].

4.      On January 9, 2026, the Plaintiff informed the Superior Court of the filing of this Bankruptcy Case.  To date, Compass has neither filed an answer nor otherwise appeared in the JPT Action.

### Statement Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)

5.      On January 6, 2026 (the "***Petition Date***"), the Debtor commenced this Bankruptcy Case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***"), by filing a voluntary petition in this Court (the "***Bankruptcy Court***").

6.      To date, JPT has neither filed a proof of claim nor otherwise appeared in this Bankruptcy Case.  Nevertheless, JPT continues to assert a claim against the Debtor through its pending litigation.

7.      Under 28 U.S.C. § 1452(a), a party may remove any civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Jurisdiction exists under section 1334 over "all civil proceedings . . . related to cases under title 11." 28 U.S.C. § 1334(b). The Debtor is a "party" to the JPT Action within the meaning of section 1452(a). In accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1, such

removed actions are referred to the Bankruptcy Court, unless otherwise ordered.

8. The outcome of the JPT Action likely will have a material impact on the administration of the Debtor's estate, as JPT seeks a judgment in the amount of $302,228.35, plus attorney's fees and costs. Entry of a judgment in the JPT Action would result in a significant unsecured claim against the estate. The Debtor disputes liability, contending that JPT failed to perform its obligations under the Lease and that the Debtor is not in default.

9. The allegations and defenses in the JPT Action must be adjudicated in connection with any claim asserted by JPT in this Bankruptcy Case. Resolving these issues in this Court will ensure consistent treatment of all claims related to the Lease, avoid the risk of conflicting outcomes, and streamline the claims resolution process. Moreover, because the JPT Action contains parallel claims to those asserted in the Landlord Action, removing and consolidating the actions before this Court will minimize estate expenses, eliminate duplicative litigation in separate forums, and promote judicial efficiency.

10. Timely resolution of the JPT Action and the Landlord Action in a single forum will support the orderly administration of the estate, facilitate the resolution of claims, and benefit not only the Debtor and the Landlord, but also other unsecured creditors whose potential recoveries depend on the outcome of these actions. Consolidation in this Court will reduce litigation costs, avoid duplicative discovery and motion practice, and enable coordinated management of related claims.

11. In addition, the JPT Action includes claims against guarantors of the Lease. There may be potential indemnification claims against the Debtor's estate by the guarantor Defendants if they are liable for any liability Compass may have to JPT. Any such indemnification claims could further reduce the amount available for distribution to unsecured creditors.

12. The resolution of the JPT Action in this Bankruptcy Case may directly affect the

projected distribution to unsecured creditors and will improve the overall administration of the estate by ensuring that all related claims are addressed efficiently, consistently, and without unnecessary expense or risk of conflicting judgments.

### **Conclusion**

13.     This Notice of Removal includes a "short and plain statement of the facts" that entitle the Debtor to remove the action to this Court, in accordance with Bankruptcy Rule 9027(a)(1)(A), and the  Debtor reserves the right to amend or supplement this Notice of Removal with additional evidence and arguments for that purpose.

14.     The Debtor consents to the Bankruptcy Court's entry of final orders or judgments in the JPT Action upon removal, as set forth in Bankruptcy Rule 9027(a)(1)(B).

15.     Attached hereto as Exhibit 1 is a copy of the JPT Action docket report, and as Exhibit 2 is an index of all process and pleadings filed in the JPT Action. Attached hereto as Exhibit 3 is a copy of all process and pleadings filed in the JPT Action, as required by Bankruptcy Rule 9027(a)(1)(C).

16.     Pursuant to Bankruptcy Rule 9027(b) and (c), promptly after filing this Notice of Removal, the Debtor will file a copy of this Notice of Removal with the Clerk of the Superior Court, and will serve the parties to the JPT Action.

WHEREFORE, the Debtor requests that (1) the JPT Action be removed to this Bankruptcy Court, and (2) the Bankruptcy Court grant such other or further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

*[Remainder of the page left intentionally blank]*

Dated: March 16, 2026

Respectfully submitted,

/s/ *Jennifer E. Wuebker*

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218
Email:         tpbrown@hunton.com
               jwuebker@hunton.com
               nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*