**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| **Debtor.** | **Case No. 26-00005 (ELG)** |

## MOTION FOR ORDER APPROVING STRUCTURED DISMISSAL OF CASE

Compass Coffee, LLC (the "***Debtor***"), by and through its undersigned counsel, hereby moves this Court for entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), approving a structured dismissal of this Chapter 11 case (the "***Case***") pursuant to 11 U.S.C. §§ 105(a), 305(a)(1), 349(b) and 1112(b), and in support thereof states as follows:

### I.     Preliminary Statement

1.     The Debtor filed this Case to sell its business as a going concern, thereby maximizing the return to the estate.  Through the sale that occurred in this Case, the Debtor was able to pay secured claims in full, assume and assign most of its leases to landlords, maintain vendor relationships, preserve jobs, and pay the costs incurred to consummate the sale.  It is now clear, however, that the Debtor will not have sufficient funds to confirm a Chapter 11 plan and make distributions to unsecured creditors.  As set forth below, the best interests of the estate will be served through dismissal of the Case on the terms set forth in the Proposed Order.

## II.    Jurisdiction, Venue, and Predicates for Relief

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

3.      The predicates for the relief requested herein are Bankruptcy Code sections 1112(b), 105(a), 349(b), and 305(a)(1), Bankruptcy Rules 1017 and 2002 and Local Rule 9013-1.

## III.    Background

5.      On January 6, 2026 (the "*Petition Date*"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court initiating this Case.  The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code.

6.      On January 23, 2026, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors [Docket No. 91] (the "*Committee*").  No request for the appointment of a trustee or an examiner has been made.

7.      As of the Petition Date, the Debtor operated 25 cafés in premises it leased in Washington D.C., Maryland, and Northern Virginia.  Since then, and with the Court's approval, the Debtor sold substantially all of its assets.

8.      Specifically, on January 23, 2026, the Court entered the *Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof* [Docket No. 90] (the "*Bidding Procedures Order*").  Pursuant to the Bidding Procedures Order, the Debtor marketed for sale all of its assets, including its intellectual property.  As set forth in

greater detail in the *Declaration of Michael Haft in Support of Sale* [Docket No. 220], the Debtor received multiple offers to purchase substantially all of the assets related to its operations, including related intellectual property. The Debtor conducted an auction and ultimately selected Caffe Nero as the successful bidder. After a sale hearing on February 26, 2026, the Court entered an order on February 27, 2026 [Docket No. 245], approving the sale of substantially all of the Debtor's assets to Caffe Nero (the "***Sale Order***").[1] The Debtor closed on its sale to Caffe Nero on March 6, 2026.

9.      Following the sale, the Debtor has no ongoing business operations. The Debtor's focus since the closing has been on winding-up its former operations, including through attempting to collect remaining accounts receivable, selling miscellaneous assets Caffe Nero did not buy, complying with applicable laws and regulations in closing its former café locations, reconciling and paying the administrative expenses incurred by the estate, and facilitating the resolution of unresolved rent and indemnity claims against the estate and counterclaims of the estate through mediation.

10.      The Debtor has limited funds remaining. Although the Debtor is continuing attempts to collect outstanding accounts receivable, the outstanding professional fees and other unpaid administrative claims, including U.S. Trustee fees, likely will exhaust the cash on hand and the cash that the Debtor forecasts it will collect. As a result, the Debtor does not have sufficient funds to formulate and prosecute a plan. Even if the Debtor were able to confirm a plan at this juncture, there would be no funds to distribute to unsecured claimants in the Case.

---

[1] On March 3, 2026, the Court entered a corrective sale order [Docket No. 256], which added a paragraph that was inadvertently omitted from the original Sale Order.

**IV.    Relief Requested**

10.    By this Motion, the Debtor seeks approval of a structured dismissal of the Case on the terms set forth in the Proposed Order, which contemplates a process for the allowance and payment of professional fees and other administrative expenses, including U.S. Trustee fees, to the extent of available funds, and the preservation of the effectiveness of the Sale Order and all other orders entered in the Case.

**V.    Basis for Relief**

**A.  The Court Has Authority to Enter a Structured Dismissal Order**

12.    Section 1112(b)(1) directs a bankruptcy court, on request of a party in interest and after notice and a hearing, to convert a chapter 11 case to a chapter 7 liquidation or to dismiss the chapter 11 case, "whichever is in the best interests of creditors and the estate, for cause." "Cause" is defined in section 1112(b)(4) to include, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "inability to effectuate substantial consummation of a confirmed plan."

13.    Cause for dismissal or conversion exists in this Case due to the inability to confirm a plan as a result of the dwindling funds of the estate.  Dismissal is preferable to conversion in the present circumstances.  Conversion simply would add more administrative expenses that the Debtor does not have the money to pay with little or no benefit to creditors.  In addition, conversion may cause a trustee to pursue preference actions to recover funds from the same unsecured creditors who stand not to recover any distributions on their claims in the case.  It makes the most sense in the present circumstances to safeguard the achievements of the sale process for many creditors and other parties in interest, pay the administrative claims incurred in the process that resulted in the successful sale, and avoid the incurrence of additional expenses.

4

14.     This Court has the power to dismiss the Case on terms, *i.e.,* a structured dismissal. The Bankruptcy Code does not explicitly authorize structured dismissals.  Nevertheless, courts have cited to sections 105(a), 305(a)(1), 349(b), and 1112(b) as supporting the conclusion that bankruptcy courts have the authority to enter structured dismissal orders.  *See, e.g.*, *In re Olympic 1401 Elm Assocs., LLC*, 2016 WL 4530602 (Bankr. N.D. Tex. Aug. 29, 2016); *In re Naartjie Custom Kids, Inc.*, 534 B.R. 416 (Bankr. D. Utah 2015); *In re Paper Source, Inc.*, Case No. 21-30660-KLP (E.D. Va. Sept. 8, 2021) [Doc. No. 765] (implementation order) (hereinafter "**Paper Source Implementation Order**") and *In re PSI Liquidation, Inc. (f.k.a. Paper Source, Inc.)*, Case No. 21-30660-KLP (E.D. Va. Nov. 22, 2021) [Doc. No. 816] (dismissal order) (hereinafter "**PSI Liquidation Dismissal Order**").

15.     Addressing the statutory authorities often cited, in addition to the power of dismissal under section 1112(b), section 305(a)(1) provides that a bankruptcy court may dismiss or suspend all proceedings in a bankruptcy case under any chapter if "the interests of creditors and the debtor would be better served by such dismissal or suspension."  Although used more often to dismiss involuntary cases, section 305(a) has been cited as authority for approving a structured dismissal of a voluntary case in addition to the authority provided in section 1112(b).  *See, e.g.*, *Olympic 1401 Elm Assocs., LLC*, 2016 WL 4530602, at *3;  *Naartjie Custom Kids, Inc.*, 534 B.R. at 421-27; *PSI Liquidation* Dismissal Order, at ¶ 2.

12.     Section 349(b) authorizes a bankruptcy court to alter the ordinary consequences of dismissal "for cause."  *See In re Johnson*, 565 B.R. 417, 425 (Bankr. C.D. Cal. 2017) ("Although not explicitly authorized by the Bankruptcy Code, structured dismissals (under §1112(b) and/or §305(a)) have been found to be implicitly authorized under §349(b)").  Accordingly, section 349(b) expressly authorizes the Court to preserve the effectiveness of, for example, the Sale Order entered

in the Case despite its subsequent dismissal.  *See, e.g.*, *PSI Liquidation* Dismissal Order, at ¶ 3. The availability of such relief implies authority to fashion relief appropriate for ending a case through a dismissal order.

13.     Finally, section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  Section 105(a), therefore, authorizes the Court to enter a dismissal order with appropriate terms to conclude this Case in conjunction with sections 1112(b), 305(a), and 349(b).

14.     Use of the above statutes to enter a structured dismissal order is appropriate in the present circumstances.  Indeed, other courts have approved of the entry of a structured dismissal order upon completion of a sale in a chapter 11 case that leaves the estate, as in this Case, with insufficient funds to confirm a plan.  *See, e.g.*, *In re KG Winddown, LLC*, 628 B.R. 739 (Bankr. S.D.N.Y. 2021) (allowing for structured dismissal following sale of Kona Grill restaurants); *In re The Great Atlantic & Pacific Tea Co. Inc.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. May 14, 2021) [Doc. No. 4810] (approving of structured dismissal of the chapter 11 cases after A&P liquidated substantially all of its assets, leaving it with insufficient funds to confirm a plan); *In re Paper Source, Inc.*, Case No. 21-30660-KLP (Bankr. E.D. Va. Sept. 8, 2021) [Doc. No. 765] (establishing procedures for payment of administrative claims and pro rata payment of priority claims in conjunction with approval of a sale, including a requirement of certification of completion of process and submission of dismissal order).

15.     Here, like in the KG, A&P and Paper Source cases, the Proposed Order would only authorize distribution of funds in accordance with the Bankruptcy Code's priority scheme and does not propose any plan-like relief that circumvents the Bankruptcy Code's procedural safeguards.

Similarly, nothing about dismissal of this Case would be contrary to the Supreme Court's ruling in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 471 (2017), which reversed approval of a structured dismissal on the ground that the dismissal order allowed a distribution of funds to certain creditors in violation of the Code's priority scheme. Importantly, the Court in that case noted the increasing use of structured dismissal orders and specifically did not rule on whether a structured dismissal is permitted by the Bankruptcy Code. *Id*. at 457.

16.     As the bankruptcy court held in the *KG* case, section 349 provides the Court with the power to direct that orders entered during the Case, including the Sale Order, would survive dismissal. Like the sale in the *KG* case, paragraph 23 of the Sale Order in this case contained a dismissal survival provision and "appears to be precisely the kind of right that should be protected through section 349." *KG Windown, LLC*, 628 B.R. at 749. Use of section 349(b) to preserve the Sale Order and other sale- and lease-related orders entered in the Case will provide Caffe Nero with the negotiated benefit of its bargain, while ordering the continued effectiveness of all other orders entered in the Case will protect other parties in interest that provided valuable consideration and entered into settlements and compromises reached in the Case.

**B.     The Proposed Terms for the Dismissal of this Case**

17.     The Proposed Order provides for (a) a deadline for filing final professional fee applications and other administrative claims; (b) payment by the Debtor of allowed administrative claims, including U.S. Trustee fees, to the extent of available estate funds; (c) the preservation of the effectiveness of all orders entered in the Case; (d) the rejection of any unassumed executory contracts and unexpired leases, excluding insurance agreements, and (e) a process for the Debtor to certify completion of the payment process and submission of an order dismissing the Case similar to the process utilized in the *Paper Source* Implementation Order, at ¶ 11.

18.     Dismissal of the Case on the specific terms set forth in the Proposed Order makes perfect sense in this case and does not violate any bankruptcy priorities or procedural protections. Entry of the Proposed Order will allow for a quick and orderly wind-down and a process for approving and paying final administrative claims from the Debtor's remaining funds.  The proposed dismissal process would maximize recoveries of administrative creditors, avoid further administrative costs, and best serve the interests of creditors.

## VI.    Notice

16.     In accordance with Bankruptcy Rule 2002(a)(4), the Debtor will serve notice of this Motion on: (i) the U.S. Trustee; (ii) the Official Committee of Unsecured Creditors, (iii) all creditors of the Debtor; and (iv) those parties who receive NextGen CM/ECF notifications.

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: August 5, 2026

Respectfully submitted,

/s/ *Nicholas S. Monico*

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218
Email:        tpbrown@hunton.com
              jwuebker@hunton.com
              nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

9

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Compass Coffee, LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

**STRUCTURED ORDER OF DISMISSAL OF CASE**

THIS CASE came on for consideration upon the motion [Docket No. __] (the "***Motion***")[1] of the Debtor for entry of an Order (this "***Order***"), pursuant to 11 U.S.C. §§ 105(a), 305(a)(1), 349(b) and 1112(b), rules 1017 and 2002 of the Bankruptcy Rules, and rule 9013-1 of the Local Rules, providing for the structured dismissal of this Case; all interested parties having been afforded adequate notice and an opportunity to be heard with respect to the Motion and all relief related thereto; this Court having (i) reviewed and considered (a) the Motion and all relief related thereto, and (b) any objections thereto, and (ii) heard arguments of counsel and any evidence presented in support of the relief requested by the Debtor in the Motion at a hearing convened on August 19, 2026; this Court having jurisdiction over this matter; and the Court having concluded,

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion

after due deliberation thereon, that the legal and factual bases set forth in the Motion and at the hearing establish good and sufficient cause for the relief granted herein,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein pursuant to 28 U.S.C. § 157 and 1334.  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 305(a)(1), 349(b) and 1112(b) of the Bankruptcy Code, rules 1017 and 2002 of the Bankruptcy Rules, and rule 9013-1 of the Local Rules.

C.      Cause exists under 11 U.S.C. §§ 1112(b) and/or 305(a)(1) to dismiss this Case.

D.      Dismissal of the Case on the terms set forth herein is in the best interests of the estate, creditors, and other parties in interest.

E.      Dismissal of the Case on the terms set forth herein is consistent with applicable provisions of the Bankruptcy Code and does not violate the absolute priority rule.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Any and all objections to the Motion that have not been withdrawn, waived, or settled are hereby OVERRULED on the merits, with prejudice.

3.      <u>Professional Fees</u>.  Professionals retained in this Case by the Debtor or the Committee that are required to do so shall file final fee applications within 21 days after the entry of this Order.

4.      Other Administrative Expenses.  Any other party that has not previously filed an application for approval of an administrative expense shall do so within 21 days after entry of this Order.

5.      Payment of Administrative Claims.  Prior to dismissal, the Debtor shall pay, to the extent of available estate funds, all administrative expenses allowed under 11 U.S.C. §503(b).  To the extent the estate has insufficient funds to pay all allowed administrative claims in full, the Debtor shall pay unpaid administrative claims on a pro rata basis.

6.      Certification.  Upon completion of the payments contemplated by paragraph 5 of this Order, the Debtor shall file a certification of the completion of the payment process, providing a list of the administrative expenses paid from estate funds following the entry of this Order.

7.      Submission of Proposed Dismissal Order.  Unless a party in interest objects to the Debtor's certification within 7 days of its filing, the Debtor shall thereafter submit to the Court a proposed Dismissal Order substantially in the form attached to this Order as **Exhibit 1**.

8.      Continued Effectiveness of Prior Orders.  Pursuant to 11 U.S.C. §349(b), all orders entered in this Case prior to the dismissal of the Case, including but not limited to the Sale Order, shall remain in full force and effect notwithstanding dismissal of the Case.

9.      Retention of Jurisdiction.  The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

10.     Effective Date.  This Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

11.     Service of Notice.  Debtor's counsel is directed to serve a copy of this Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three (3) days after entry of this Order.

WE ASK FOR THIS:

/s/

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:      (804) 788-8218
Email:           tpbrown@hunton.com
                    jwuebker@hunton.com
                    nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| **Debtor.** | **Case No. 26-00005 (ELG)** |

**DISMISSAL ORDER**

In accordance with the Structured Order of Dismissal of Case entered on _____,
2026, and pursuant to pursuant to 11 U.S.C. §§ 105(a), 305(a)(1), 349(b) and 1112(b),[1] this Court
having jurisdiction over this matter; and the Court having concluded, after due deliberation thereon
that cause exists under 11 U.S.C. §§ 1112(b) and/or 305(a)(1) to dismiss this Case,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, this Case is
dismissed effective as of the entry of this Dismissal Order.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion for
Order Approving Structured Dismissal of Case [Doc. No. ___].

2.     Continued Effectiveness of Prior Orders.  Pursuant to 11 U.S.C. §349(b), all orders entered in this Case prior to the dismissal of the Case, including but not limited to the Sale Order, shall remain in full force and effect notwithstanding dismissal of the Case.

3.     Insurance Contracts.  Notwithstanding anything to the contrary in the Motion or this Order, all insurance policies of the Debtor and all related agreements, endorsements, addenda, schedules, modifications, amendments, supplements, documents or instruments (collectively, the "*Insurance Contracts*") shall continue in full force and effect in accordance with their respective terms and conditions; and (ii) nothing in this Dismissal Order alters, modifies, releases, discharges, prejudices or otherwise amends (a) the legal, equitable, or contractual rights, obligations, and defenses of the insurers, the Debtor or any other individual or entity, as applicable, to enforce provisions under any Insurance Contract, and (b) the duty, if any, insurers have to pay claims covered by the Insurance Contracts.

4.     Rejection of Other Contracts.  All remaining prepetition executory contracts to which the Debtor is a party, if any, shall be deemed automatically rejected as of the entry of this Dismissal Order unless such contract or lease (i) was previously assumed or rejected by the Debtor pursuant to an order of the Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; or (iii) as otherwise agreed by the Debtor and the applicable party.

5.     Dissolution of Committee.  The Committee is hereby dissolved, and each member of the Committee and the Committee's professionals are relieved and discharged of any additional duties, responsibilities or obligations arising from or related to the Committee.

6.    <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Dismissal Order or any other Order of this Court entered in the Case.

7.    <u>Effective Date</u>.  This Dismissal Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

8.    <u>Service of Notice</u>.  Debtor's counsel is directed to serve a copy of this Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three (3) days after entry of this Order.

[<em>Endorsement Page Follows</em>]

WE ASK FOR THIS:

/s/
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:      (804) 788-8200
Facsimile:      (804) 788-8218
Email:          tpbrown@hunton.com
                jwuebker@hunton.com
                nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*