**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:**<br><br>**Compass Coffee, LLC,**<br><br>    **Debtor.** | **Chapter 11**<br><br><br>**Case No. 26-00005 (ELG)** |

### DEBTOR'S MOTION TO EXPEDITE HEARING ON, AND TO
### SHORTEN TIME TO RESPOND TO, STRUCTURED DISMISSAL MOTION

The above-captioned debtor and debtor in possession (the "***Debtor***"), by and through its undersigned counsel, hereby moves (the "***Motion***") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "***Proposed Order***"), expediting the hearing on, and shortening the time to respond to, the Structured Dismissal Motion (as defined below). In support thereof, the Debtor respectfully represents as follows:

### I.   Jurisdiction, Venue, and Predicates for Relief

1.     The United States Bankruptcy Court for the District of Columbia (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2.     The predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "***Bankruptcy Code***") and rule 9013-2(a) of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "***Local Rules***").

## II.    Background

3.    On January 6, 2026 (the "***Petition Date***"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court, initiating the above-captioned case (the "***Case***").  The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108(a) of the Bankruptcy Code.

4.    On January 23, 2026, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "***Committee***") [Docket No. 91]. No request for the appointment of a trustee or an examiner has been made.

5.    On January 23, 2026, the Court entered the *Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Approving Form of Notice Thereof* [Docket No. 90] (the "***Bidding Procedures Order***").  Pursuant to the Bidding Procedures Order, the Debtor marketed for sale all of its assets, conducted an auction, and ultimately selected Caffe Nero as the successful bidder.  After a sale hearing on February 26, 2026, the Court entered an order on February 27, 2026 [Docket No. 245], approving the sale of substantially all of the Debtor's assets to Caffe Nero (the "***Sale Order***").   The Debtor closed on its sale to Caffe Nero on March 6, 2026.

6.    Following the sale, the Debtor has no ongoing business operations.  The Debtor's focus since the closing has been on winding-up its former operations, including through attempting to collect remaining accounts receivable, selling miscellaneous assets Caffe Nero did not buy, complying with applicable laws and regulations in closing its former café locations, reconciling and paying the administrative expenses incurred by the estate, and facilitating the resolution of unresolved rent and indemnity claims against the estate and counterclaims of the estate through mediation.

7. On July 8, 2026, the Court set a status conference for August 19, 2026, at 11:00 a.m. (the "**Status Conference**").

8. The Debtor has limited funds remaining. Although the Debtor is continuing attempts to collect outstanding accounts receivable, the outstanding professional fees and other unpaid administrative claims, including U.S. Trustee fees, likely will exhaust the cash on hand and the cash that the Debtor forecasts it will collect. As a result, the Debtor does not have sufficient funds to formulate and prosecute a plan. Even if the Debtor were able to confirm a plan at this juncture, there would be no funds to distribute to unsecured claimants in the Case.

9. To facilitate an efficient and orderly wind-down of the Case, the Debtor filed its *Motion for Order Approving Structured Dismissal of Case* [Docket No. 333] (the "**Structured Dismissal Motion**"). The Debtor errantly filed a notice of hearing on the Structured Dismissal Motion prior to the Court ruling on this Motion. Accordingly, should this Motion be granted, the Debtor will re-notice the Structured Dismissal Motion in accordance with Local Rule 9013-2(a)(3).

10. By the Structured Dismissal Motion, among other things, the Debtor seeks approval of a structured dismissal of the Case on the terms set forth in the proposed order attached thereto, which contemplates a process for the allowance and payment of professional fees and other administrative expenses, including U.S. Trustee fees, to the extent of available funds, and the preservation of the effectiveness of the Sale Order and all other orders entered in the Case.

### III.   Relief Requested

11. By this Motion, the Debtor requests that the Court hold a hearing on the Structured Dismissal Motion, together with the Status Conference, on an expedited basis on August 19, 2026, at 11:00 a.m. (prevailing Eastern Time), and require written responses to be filed no later than August 17, 2026.

#### IV.   Basis for Relief

7.      Bankruptcy Rule 2002(a)(4) requires a motion to dismiss a chapter 11 case to be set on at least 21 days' notice.

8.      Local Rule 9013-2(a) allows a hearing to be set on an expedited basis as requested herein.  Further, section 105(a) of the Bankruptcy Code provides this Court with the power to set an expedited hearing on the Structured Dismissal Motion.  11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].").

9.      As set forth above and in the Structured Dismissal Motion, the Debtor is no longer operating and is in the process of winding down.  The Debtor believes that, except for professional fees, it has paid all known administrative expenses of the Case.  The Debtor further believes that, after payment of outstanding administrative expenses, there will not be any funds available to distribute to unsecured creditors.  Any delay in bringing the Case to a close will only cause the accrual of unnecessary administrative expense.  Further, the Debtor is already scheduled to be heard by the Court at the Status Conference, and the most efficient use of limited estate resources is to set the Structured Dismissal Motion for hearing on the same date and time.

10.      For the reasons described above and in the Structured Dismissal Motion, cause exists to reduce the notice period pursuant to Bankruptcy Rule 9006(c)(1), as any delay in proceeding with the Structured Dismissal Motion could cause the Debtor to incur unnecessary cost and administrative expenses.

11.      Accordingly, the Debtor requests that the Court set a hearing on the Structured Dismissal Motion on an expedited basis on August 19, 2026, at 11:00 a.m. (prevailing Eastern Time).  Further, the Debtor asks that this Court require that written responses to the Structured Dismissal Motion be filed no later than August 17, 2026.  Alternatively, the Debtor requests the

Court adjourn the Status Conference to its next scheduled chapter 11 docket on September 9, 2026, at 10:00 a.m. to allow sufficient time for the Debtor to provide 21 days' notice of the Structured Dismissal Motion and avoid the expense of attending two hearings.

### V.     Notice

12.     The Debtor will serve notice of this Motion on those parties who receive NextGen CM/ECF notifications.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: August 5, 2026
Richmond, Virginia

Respectfully submitted,

/s/ *Nicholas S. Monico*

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218
Email:         tpbrown@hunton.com
               jwuebker@hunton.com
               nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of August, 2026, a copy of the foregoing Motion was filed and served electronically using the Court's ECF System to all parties receiving electronic notice in accordance with Local Rule 9013-2(1).

/s/  *Nicholas S. Monico*
Nicholas S. Monico

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | |
| **Debtor.** | **Case No. 26-00005 (ELG)** |

**ORDER GRANTING DEBTOR'S MOTION TO EXPEDITE HEARING ON,**
**AND TO SHORTEN TIME TO RESPOND TO, STRUCTURED DISMISSAL MOTION**

Upon consideration of the *Debtor's Motion to Expedite Hearing on, and to Shorten Time to Respond to, Structured Dismissal Motion* [Docket No. __] (the "***Motion***")[1] filed by the above-captioned debtor and debtor in possession (the "***Debtor***") pursuant to section 105 of the Bankruptcy Code and rule 9013-2(a) of the Local Rules, seeking entry of an order (this "***Order***")

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

**HUNTON ANDREWS KURTH LLP**
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200

*Counsel for Debtor and Debtor in Possession*

expediting a hearing on and shortening time to respond to the Structured Dismissal Motion; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b); venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      An expedited hearing on the Structured Dismissal Motion will be held on August 19, 2026, at 11:00 a.m. (prevailing Eastern Time) (the "*Hearing*") via Zoom teleconference. Parties may contact Gunn_Hearings@dcb.uscourts.gov for Zoom access codes and permission to appear virtually.  Parties may otherwise attend the hearing in person at the United States Bankruptcy Court, Courtroom 1, United States Courthouse,  333 Constitution Avenue, NW, Washington, D.C. 20001.

3.      Written responses to the relief sought in the Structured Dismissal Motion must be filed electronically with the Court no later than August 17, 2026.

4.      The Debtor is authorized to take all actions necessary to implement the relief granted herein.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.      On the date this Order is entered, the Debtor is directed to serve a copy of this Order via first class mail and e-mail, where available, on every party that is provided notice of the Structured Dismissal Motion and file a proof of service prior to the commencement of the Hearing.

*[Endorsements Follow]*

3

WE ASK FOR THIS:

/s/
_____
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
Nicholas S. Monico (admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone:     (804) 788-8200
Facsimile:     (804) 788-8218
Email:         tpbrown@hunton.com
               jwuebker@hunton.com
               nmonico@hunton.com

*Counsel for the Debtor and Debtor in Possession*

3