CameronIngersollRoche
4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>COMPASS COFFEE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-00005 (ELG) |

**AP DC TOMATO'S LLC'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER APPROVING STRUCTURED DISMISSAL OF CASE**

AP DC Tomato's LLC ("Plaintiff" or "Landlord"), by counsel, files its Limited Objection to Debtor Compass Coffee, LLC's ("Compass" or "Debtor") Motion for Order Approving Structured Dismissal of Case ("Dismissal Motion"), and states as follows in support thereof:

## I. BACKGROUND

1. In March 2025, Landlord commenced a lawsuit ("Guarantor Case") in the Superior Court of the District of Columbia ("Superior Court") by filing a Verified Complaint against Michael Haft ("Haft") and Harrison Suarez ("Suarez") (collectively, "Guarantors"). Landlord seeks to recover unpaid rent and other amounts due under an Agreement of Lease, as amended ("Lease"), entered by Compass and a Guaranty of Lease entered by Guarantors relating to the commercial premises ("Premises") located at 1401 Okie St., NW, Washington, D.C.

2. In a separate action in the Superior Court (Case No. 2025-LTB-002334) ("Landlord Tenant Case"), Landlord sued Compass for possession of the Premises and money damages stemming from Compass' failure to pay any rent since January 2025.

3. Compass occupied the Premises from at least 2021 to March 2026. On February 27, 2026, the Court entered an Order authorizing Compass to reject the Lease. *See* ECF No. 243. Landlord waived rent for the post-petition period of January 6, 2026 through February 28, 2026.

4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897
CameronIngersollRoche

*See* ECF No. 256. Compass paid prorated March 2026 rent through the date that it vacated the Premises.

4. Despite benefiting from the full use and enjoyment of the Premises at all relevant times, Compass paid no rent from January 2025 to September 2025. Finally, in September 2025, the Superior Court entered a Protective Order in the Landlord Tenant Case requiring Compass to pay rent on the first day of each month commencing October 2025 until resolution of that case. Compass paid rent for the months of October[1] and November 2025, but failed to pay rent for December 2025.

5. On January 6, 2026, Compass filed for Chapter 11 bankruptcy in this Court ("Bankruptcy Case"). On January 7, 2026, the Superior Court ordered a stay as to Compass in the Guarantor Case and, on January 13, 2026, the Superior Court ordered a stay of the Landlord Tenant Case.

6. In the Guarantor Case, the parties completed discovery on February 10, 2026, a mediation was scheduled for May 21, 2026, and a trial was expected to be scheduled thereafter – assuming Guarantors somehow survived Landlord's robust motion for summary judgment.

7. On March 12, 2026 at 4:06 p.m. ET, Landlord filed its motion for summary judgment against the Guarantors and, approximately 53 minutes later, Compass filed a Notice of Removal of the Guarantor Case in this Court. ECF No. 263.[2]

[1] Compass violated the Protective Order by failing to timely make the very first Court-ordered payment, resulting in Landlord's filing of a Motion for Sanctions. Landlord's motion was pending with the Court when Compass sought bankruptcy protection.

[2] On March 19, 2026, the Clerk filed a Notice of Deficient Filing (ECF No. 275) relating to the March 12, 2026 Notice of Removal of Civil Action. On March 20, 2026, Compass filed a substantively similar Notice of Removal of Civil Action in the main bankruptcy case and adversary proceeding (ECF No. 277 and Adv. ECF No. 1).

4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897
CameronIngersollRoche

8. On April 10, 2026, Landlord filed a Motion for Mandatory Abstention Pursuant to 28 U.S.C. § 1334(c)(2), or in the alternative, Remand Pursuant to 28 U.S.C. § 1447(c) and § 1452(b) and/or Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) ("Abstention/Remand Motion"). Adv. ECF No. 17. Landlord requested that the Court abstain from adjudicating the Guarantor Case and/or remand the case to the Superior Court.

9. On April 16, 2026, Compass filed a Motion for Entry of an Order Directing Mediation of the Landlord Actions and Related Claims ("Mediation Motion") and, on April 27, 2026, Landlord filed its Opposition to the Mediation Motion.[3]

10. On April 29, 2026, Compass, Haft and Suarez filed Objections to the Abstention/Remand Motion. Adv. ECF Nos. 32, 33, 34.

11. In an Order dated April 30, 2026, the Court granted the Mediation Motion, authorized mediation, and stayed the adversary proceedings, including resolution of the Abstention/Remand Motion, pending completion of the mediation.

12. The parties were engaged in the mediation process when, on August 5, 2026, Compass filed the subject Dismissal Motion.

## II. OBJECTION

13. The Dismissal Motion is silent regarding the disposition of the Guarantor Case in the event that the Court grants the motion. To the extent that the Court is inclined to grant the Dismissal Motion, the Court should also order the Guarantor Case be remanded to the Superior Court.

[3] Compass requested judicial mediation of the Guarantor Case and another case that Compass removed to this Court originally filed in the Superior Court by Jemal's Pappas Tomato's LLC ("JPT"), a prior landlord of the Premises. Compass also removed that case to this Court.

4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897
CameronIngersollRoche

14. "In determining whether the bankruptcy court abused its discretion by retaining jurisdiction over related proceedings after dismissal of the underlying bankruptcy case, other circuits have analogized to cases concerning the authority of federal district courts to retain pendent state claims after federal claims have been dismissed." *Matter of Querner*, 7 F.3d 1199, 1202 (5th Cir. 1993) (citing *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)). "The Supreme Court has held that a federal district court must consider four factors in deciding whether to retain jurisdiction over pendent state claims after the dismissal of federal claims: economy, convenience, fairness, and comity." *Id.* (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 353 (1988)).

15. The Superior Court has familiarity with the claims at issue in the Guarantor Case, and the parties completed discovery prior to removal to this Court. Landlord has asserted a breach of the Guaranty claim against the Guarantors, Compass and the Guarantors have asserted breach of the Lease against Landlord, and Suarez has asserted an indemnification claim against Compass, all of which are governed by D.C. law.

16. In contrast, there are no bankruptcy issues in the Guarantor Case and virtually no activity has occurred in the Guarantor Case after removal to this Court other than the filing of the Abstention/Remand Motion and Mediation Motion.

17. If the Guarantor Case is not remanded, it would be highly prejudicial to Landlord to turn the clock back in an adversary proceeding and restart what has already been accomplished in a costly litigation.

18. Accordingly, economy, convenience, fairness, and comity all weigh in favor of remand of the Guarantor Case to the Superior Court in the event that the Court grants the Dismissal Motion.

4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897
CameronIngersollRoche

19. Landlord further seeks to pursue the claims asserted in the Landlord Tenant Case against Compass in the event that the case is dismissed. A dismissal of a bankruptcy case terminates the automatic stay. *See* 11 U.S.C. § 362(c)(2)(B). To avoid any ambiguity given the structured nature of the proposed dismissal, however, Landlord requests that the proposed dismissal order expressly authorize Landlord to pursue its claims in the Landlord Tenant Case or otherwise deem the automatic stay terminated.

## III. RESERVATION OF RIGHTS

20. Landlord expressly reserves its right to supplement, modify, or amend this Objection and make such other and further objections to the proposed dismissal. Nothing set forth herein shall constitute a waiver, discharge, or disallowance of any rights, causes of action, or defenses that Landlord has asserted or may assert against the Debtor and/or Guarantors.

WHEREFORE, AP DC Tomato's LLC requests that the Court enter an order consistent with the foregoing Objection and for such other and further relief as may be just and proper.

Dated: August 17, 2026

Respectfully submitted,

AP DC TOMATO'S LLC
By Counsel

/s/ Eric S. Waldman

Eric S. Waldman, Esq. (D.C. Bar No. 1046308)
Cameron Ingersoll Roche PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (facsimile)
ewaldman@cirlaw.com
*Counsel for Plaintiff/Counterclaim Defendant*
*AP DC Tomato's LLC*

4100 MONUMENT CORNER DRIVE • SUITE 420 • FAIRFAX, VA 22030
TEL 703.273.8898 FAX 703.273.8897
CameronIngersollRoche

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2026, he caused to be served a true and correct copy of the foregoing to be filed and served via the Court's CM/ECF system on all parties registered to receive electronic notices in this case.

/s/ Eric S. Waldman
Eric S. Waldman, Esq. (D.C. Bar No. 1046308)