The order below is hereby signed.

Signed: September 9 2026

Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Compass Coffee, LLC,** | **Case No. 26-00005 (ELG)** |
| **Debtor.** | |

**STRUCTURED ORDER OF DISMISSAL OF CASE**

THIS CASE came on for consideration upon the motion [Docket No. 333] (the "***Motion***")[1] of the Debtor for entry of an Order (this "***Order***"), pursuant to 11 U.S.C. §§ 105(a), 305(a)(1), 349(b) and 1112(b), rules 1017 and 2002 of the Bankruptcy Rules, and rule 9013-1 of the Local Rules, providing for the structured dismissal of this Case; all interested parties having been afforded adequate notice and an opportunity to be heard with respect to the Motion and all relief related thereto; this Court having (i) reviewed and considered (a) the Motion and all relief related thereto, and (b) any objections thereto, and (ii) heard arguments of counsel and the evidence presented in support of the relief requested by the Debtor in the Motion at a hearing convened on September 4, 2026; this Court having jurisdiction over this matter; and the Court having

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion

concluded, after due deliberation thereon, that the legal and factual bases set forth in the Motion and at the hearing establish good and sufficient cause for the relief granted herein,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein pursuant to 28 U.S.C. § 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 305(a)(1), 349(b) and 1112(b) of the Bankruptcy Code, rules 1017 and 2002 of the Bankruptcy Rules, and rule 9013-1 of the Local Rules.

C. Cause exists under 11 U.S.C. §§ 1112(b) and/or 305(a)(1) to dismiss this Case.

D. Dismissal of the Case on the terms set forth herein is in the best interests of the estate, creditors, and other parties in interest.

E. Dismissal of the Case on the terms set forth herein is consistent with applicable provisions of the Bankruptcy Code and does not violate the absolute priority rule.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Any and all objections to the Motion that have not been withdrawn, waived, or settled are hereby OVERRULED on the merits, with prejudice.

3. Professional Fees. Professionals retained in this Case by the Debtor or the Committee that are required to do so shall file final fee applications within 21 days after the entry of this Order.

4. Other Administrative Expenses. Any other party that has not previously filed an application for approval of an administrative expense shall do so within 21 days after entry of this Order.

5. Payment of Administrative Claims. Prior to dismissal, the Debtor shall pay, to the extent of available estate funds, all administrative expenses allowed under 11 U.S.C. §503(b). To the extent the estate has insufficient funds to pay all allowed administrative claims in full, the Debtor shall pay unpaid administrative claims on a pro rata basis.

6. Certification. Upon completion of the payments contemplated by paragraph 5 of this Order, the Debtor shall file a certification of the completion of the payment process, providing a list of the administrative expenses paid from estate funds following the entry of this Order.

7. Submission of Proposed Dismissal Order. Unless a party in interest objects to the Debtor's certification within 7 days of its filing, the Debtor shall thereafter submit to the Court a proposed Dismissal Order substantially in the form attached to this Order as **Exhibit 1**.

8. Continued Effectiveness of Prior Orders. Pursuant to 11 U.S.C. §349(b), all orders entered in this Case prior to the dismissal of the Case, including but not limited to the Sale Order, shall remain in full force and effect notwithstanding dismissal of the Case.

9. Retention of Jurisdiction. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

10. Effective Date. This Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

11. Service of Notice. Debtor's counsel is directed to serve a copy of this Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three (3) days after entry of this Order.

WE ASK FOR THIS:

/s/ Tyler P. Brown
Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@hunton.com
jwuebker@hunton.com

*Counsel for the Debtor and Debtor in Possession*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:**<br><br>**Compass Coffee, LLC,**<br><br>**Debtor.** | **Chapter 11**<br><br>**Case No. 26-00005 (ELG)** |

**DISMISSAL ORDER**

In accordance with the Structured Order of Dismissal of Case entered on ___________, 2026, and pursuant to pursuant to 11 U.S.C. §§ 105(a), 305(a)(1), 349(b) and 1112(b),[1] this Court having jurisdiction over this matter; and the Court having concluded, after due deliberation thereon that cause exists under 11 U.S.C. §§ 1112(b) and/or 305(a)(1) to dismiss this Case,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, this Case is dismissed effective as of the entry of this Dismissal Order.

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion for Order Approving Structured Dismissal of Case [Doc. No. ___].

2. Continued Effectiveness of Prior Orders. Pursuant to 11 U.S.C. §349(b), all orders entered in this Case prior to the dismissal of the Case, including but not limited to the Sale Order, shall remain in full force and effect notwithstanding dismissal of the Case.

3. Insurance Contracts. Notwithstanding anything to the contrary in the Motion or this Order, all insurance policies of the Debtor and all related agreements, endorsements, addenda, schedules, modifications, amendments, supplements, documents or instruments (collectively, the "***Insurance Contracts***") shall continue in full force and effect in accordance with their respective terms and conditions; and (ii) nothing in this Dismissal Order alters, modifies, releases, discharges, prejudices or otherwise amends (a) the legal, equitable, or contractual rights, obligations, and defenses of the insurers, the Debtor or any other individual or entity, as applicable, to enforce provisions under any Insurance Contract, and (b) the duty, if any, insurers have to pay claims covered by the Insurance Contracts.

4. Rejection of Other Contracts. All remaining prepetition executory contracts to which the Debtor is a party, if any, shall be deemed automatically rejected as of the entry of this Dismissal Order unless such contract or lease (i) was previously assumed or rejected by the Debtor pursuant to an order of the Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; or (iii) as otherwise agreed by the Debtor and the applicable party.

5. Dissolution of Committee. The Committee is hereby dissolved, and each member of the Committee and the Committee's professionals are relieved and discharged of any additional duties, responsibilities or obligations arising from or related to the Committee.

6. Retention of Jurisdiction. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Dismissal Order or any other Order of this Court entered in the Case.

7. Effective Date. This Dismissal Order shall be effective immediately upon its entry, regardless of any stay imposed by the Bankruptcy Code or Bankruptcy Rules.

8. Service of Notice. Debtor's counsel is directed to serve a copy of this Order on the parties which were provided notice pursuant to the Motion and file a proof of service within three (3) days after entry of this Order.

[*Endorsement Page Follows*]

WE ASK FOR THIS:

/s/

Tyler P. Brown (admitted *pro hac vice*)
Jennifer E. Wuebker (D.C. Bar No. 1035039)
**HUNTON ANDREWS KURTH LLP**
951 E. Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@hunton.com
jwuebker@hunton.com

*Counsel for the Debtor and Debtor in Possession*